UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RIVERKEEPER, INC., *et al.*

    Plaintiffs,

vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *et ano.*,

    Defendants.

06 Civ. 12987 (PKC)
ECF case

**DECLARATION OF REED W. SUPER IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

I, Reed W. Super, do hereby declare:

1.  I am a Senior Clinical Staff Attorney for Morningside Heights Legal Services, Inc. and the lead attorney for the plaintiffs[1] in this case. I make this declaration in opposition to the motion of defendants U.S. Environmental Protection Agency and its Administrator Stephen L. Johnson (collectively, "EPA") to dismiss the amended complaint.

2.  On November 14, 2006, my co-counsel and I sent a letter to EPA and the other parties to this case and plaintiffs' related circuit court case (which, pursuant to a random selection by the Judicial Panel on Multidistrict Litigation, is presently pending in the U.S. Court of Appeals for the Fifth Circuit, docket no. 06-60662.) The letter informed the other parties of plaintiffs' intention to move the Fifth Circuit to transfer their petitions to the Second Circuit,

---

[1] Riverkeeper, Inc., Natural Resources Defense Council, Waterkeeper Alliance, Inc., Soundkeeper, Inc., Delaware Riverkeeper Network, American Littoral Society, Raritan Baykeeper, Inc., d/b/a NY/NJ Baykeeper, Save the Bay—People for Narragansett Bay, Friends of Casco Bay, Santa Monica Baykeeper, Inc., Surfrider Foundation, and Massachusetts Public Interest Research Group, Inc.

1

which had previously reviewed the Phase I and Phase II rules. The letter further informed the other parties that, if the petitions are transferred, plaintiffs intend to move the Second Circuit to stay their petitions pending adjudication by this Court, so that this Court can determine its jurisdiction in the first instance. A true and correct copy of the November 14, 2006 letter is attached hereto as Exhibit A.

3.  Plaintiffs have advised the Fifth Circuit of the existence of their complaint in this case, and on December 22, 2006, Plaintiffs filed with the Fifth Circuit a motion to transfer the consolidated petitions to the Second Circuit. A decision on the motion to transfer is expected soon. If the petitions are not transferred, plaintiffs intend to present to the Fifth Circuit the same jurisdictional arguments they have raised in this Court.

4.  For the Court's convenience, attached hereto as Exhibit B is a true and correct copy of an order of the U.S. District Court for the Central District of California, denying EPA's motion to dismiss in *Natural. Res. Defense Council v. EPA*, No. CV 04-8307-GHK(RCx) (C.D. Cal., Aug. 29, 2005).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of March, 2007, in New York, New York.

_____
REED W. SUPER

2

A

**THE ENVIRONMENTAL LAW CLINIC**
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
COLUMBIA UNIVERSITY SCHOOL OF LAW
435 WEST 116TH STREET • NEW YORK, NY 10027

TEL: 212-854-4376                                           FAX: 212-854-3554
ELLOYD@LAW.COLUMBIA.EDU

November 14, 2006

Jessica O'Donnell                           David T. Ballard
Environment & Natural Resources Div.        Barnes & Thornburgh LLP
Environmental Defense Section               One North Wacker Drive, Suite 4400
U.S. Department of Justice                  Chicago, IL 60606-2833
601 D Street, N.W., Suite 8000
Washington, DC  20004                       Joseph S.U. Bodoff
                                            Bodoff & Slavitt LLP
Jackson Battle                              225 Friend Street
Brown McCarroll, LLP                        Boston, MA 02114-1812
111 Congress Avenue, Suite 1400
Austin, TX 78701

Russell S. Frye
3050 K. Street, NW, Suite 400
Washington, DC 20007-5108

    Re:    <u>ConocoPhillips, et al. v. EPA</u>, 5th Cir. No. 06-60662 and consolidated cases

Dear Counsel:

    We are writing on behalf of the Environmental Petitioners[1] in the above cases.  Given that there are multiple parties challenging two different EPA actions in multiple courts, we would like to initiate a discussion concerning the various options for proceeding with the litigation.  At the outset, we wish to make clear that none of the Environmental Petitioners is challenging the regulations EPA promulgated for new offshore and coastal oil and gas extraction facilities.

    As you know, within ten days of EPA's June 30, 2006 publication of what it refers to as the "Phase III Rule," Riverkeeper, Inc., et al., MASSPIRG and Surfrider filed petitions in the Second, First and Ninth Circuits, respectively.  Upon further consideration, it became apparent that the district court has jurisdiction to set aside EPA's decision not to regulate existing Phase III facilities and to compel promulgation of such regulations.  Accordingly, on August 10, 2006, Riverkeeper and the other plaintiffs in Case No. 93-cv-0134 (SDNY) notified EPA of their intent to sue the agency in the district court.

---

[1] Riverkeeper, Inc, Natural Resources Defense Council, Waterkeeper Alliance, Inc., Soundkeeper, Inc., Raritan Baykeeper, Inc. d/b/a NY/NJ Baykeeper, Delaware Riverkeeper Network, American Littoral Society, Save the Bay—People for Narragansett Bay, Friends of Casco Bay, Santa Monica Baykeeper, Surfrider Foundation, and Massachusetts Public Interest Research Group, Inc.

Counsel in Case No. 06-60662
November 14, 2006
Page 2

On August 22, 2006, EPA notified the parties that the Judicial Panel on Multidistrict Litigation had randomly selected the Fifth Circuit in which to consolidate all of the petitions (*i.e.*, ConocoPhillips' petition to challenge the regulations EPA promulgated for new oil rigs and Environmental Petitioners' three petitions to challenge EPA's failure to regulate existing manufacturers).

On October 26, 2006, certain Environmental Petitioners filed a petition in the Fifth Circuit before expiration of the 120-day statute of limitations and others sent EPA a 60-day notice letter. Thus, all of the Environmental Petitioners have now protected their rights to pursue their claims in a court of competent jurisdiction. Such dual-filing is, of course, customary where jurisdiction may be contested. We are aware that EPA has taken the position in other CWA cases, albeit unsuccessfully, that district courts do not have jurisdiction over EPA's decisions not to promulgate regulations.

On November 7, 2006, the parties who gave notice on August 10 filed a complaint in the U.S. District Court for the Southern District of New York (06-cv-12987). The parties who gave notice on October 26 intend to likewise file a complaint in the SDNY at the expiration of their 60-day notice period.

The Environmental Petitioners believe that the district court has jurisdiction to review EPA's decision not to promulgate BTA regulations for existing Phase III facilities and to compel EPA to perform the nondiscretionary duty of promulgating regulations. As the Fifth Circuit has held, "federal district courts, rather than the courts of appeals, have jurisdiction to hear claims that the Administrator has failed to fulfill a mandatory duty [under the Clean Water Act] to promulgate regulations or that the Administrator has abused his discretion by not promulgating regulations."[2] We are aware of no case anywhere in the country holding that circuit courts have original jurisdiction to review an agency decision not to promulgate Clean Water Act regulations.

Further, assuming *arguendo* that the circuit courts have original jurisdiction, Environmental Petitioners believe that venue lies in the Second Circuit under 28 U.S.C. § 2112(a), which requires that sequential or closely related orders issued in the course of the same or interrelated administrative proceedings be treated as the same order as, and be reviewed by the circuit court reviewing, the original order. In addition, the "convenience of the parties in the interests of justice,"[3] as well as sound judicial administration, dictates that the Second Circuit review Environmental Petitioners' petitions. As you may know, the Second Circuit reviewed the Phase I Rule and the Ninth Circuit transferred the consolidated environmental, state, and industry petitions challenging the Phase II Rule to the Second Circuit.

---

[2] *Chem. Mfs. Assn. v. EPA*, 870 F.2d 177, 265-66 (5th Cir. 1989).

[3] *See* 28 U.S.C. § 2112(a)(5).

Counsel in Case No. 06-60662
November 14, 2006
Page 3

In addition, given the potential jurisdictional dispute with regard to Environmental Petitioners' claims, we believe the proper course is for the SDNY to determine its own jurisdiction in the first instance. Any appeal from the district court's jurisdictional decision would go to the Second Circuit, which could then consider the merits, either on appeal or originally. That is exactly what occurred in the Fourth Circuit during judicial review of EPA's first section 316(b) regulations in 1977,[4] the Second Circuit in an EPCA case,[5] and the Ninth Circuit in two recent CWA cases.[6]

Consequently, we intend to move to transfer all consolidated petitions to the Second Circuit and then to ask the Second Circuit to stay the petitions (at least those petitions challenging EPA's decision not to regulate and seeking to compel the promulgation of regulations) pending adjudication by the SDNY. We are, however, interested in your views and open to discussing other options for proceeding with the Phase III litigation. Please respond to Reed Super or Edward Lloyd at your earliest convenience.

---

[4] *Virginia Electric and Power Co. v. Train*, 566 F.2d 446 (4th Cir. 1977); *Appalachian Power Co. v. Train*, 566 F.2d 451, 454 (4th Cir. 1977) (Plaintiffs dual-filed and, in companion cases argued and decided together, the Fourth Circuit considered an appeal from the district court along with consolidated petitions to review EPA's section 316(b) regulations).

[5] *NRDC v. Abraham,* 355 F.3d 179 (2d Cir. 2004) (Plaintiffs dual-filed and the Second Circuit decided consolidated petitions for relief seeking review of a series of final rules promulgated by the Department of Energy along with an appeal from the dismissal by the district court of a suit seeking review of a portion of the same rules.)

[6] *See Northwest Environmental Advocates v. EPA*, 2005 U.S. Dist. LEXIS 5373 (USDC N.D.Cal. No. C 03-05760 SI) (March 30, 2005) (Plaintiffs dual-filed, the Ninth Circuit stayed the petition, and the district court, "find[ing] no basis to require initial review of 40 CFR § 122.3 be had in the Court of Appeals," denied EPA's motion to dismiss on subject matter jurisdiction and other grounds and granted summary judgment for plaintiffs. Following a September 18, 2006 district court decision on the remedy, EPA appealed to the Ninth Circuit).

*See also Natural Resources Defense Council v EPA,* (USDC C.D.Cal. No. CV 04-8307 GHK) (Plaintiffs dual-filed, the Ninth Circuit dismissed the petition without prejudice to reinstating the action, and the district court denied EPA's motion to dismiss on subject matter jurisdiction and other grounds on August 29, 2005 and granted partial summary judgment for plaintiffs on June 27, 2006. EPA has indicated its intention to appeal to the Ninth Circuit).

Counsel in Case No. 06-60662
November 14, 2006
Page 4

 

Deborah A. Sivas
Stanford Law School
Environmental Law Clinic
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
*Counsel for Petitioner Surfrider Foundation*

Charles C. Caldart
National Environmental Law Center
3240 Eastlake Avenue East, Suite 100
Seattle, WA 98102
*Counsel for Massachusetts Public Interest Research Group, Inc.*

Joseph J. Mann
National Environmental Law Center
369 Broadway Street, Suite 200
San Francisco, CA 94133
*Counsel for Petitioner Massachusetts Public Interest Research Group, Inc.*

Sincerely Yours,

Reed Super
Edward Lloyd
*Counsel for Petitioners Riverkeeper, Inc., Natural Resources Defense Council, Waterkeeper Alliance, Inc., Soundkeeper, Inc., Delaware Riverkeeper Network, American Littoral Society, Raritan Baykeeper, Inc. d/b/a NY/NJ Baykeeper, Save the Bay—People for Narragansett Bay, Friends of Casco Bay, and Santa Monica Baykeeper, Inc.*

Of Counsel:
P. Kent Correll, Esq.
300 Park Avenue, 17th Floor
New York, NY 10022

cc:  Wendy Waszmer, US Attorney's Office, SDNY
    *Counsel for EPA in Case No. 06-cv-12987 (SDNY)*

# B

**ORIGINAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: CV 04-8307-GHK(RCx)                              Date: August 29, 2005

Title:   Natural Res. Defense Council, et al. v. U.S. Envtl. Prot.
         Agency, et al.
================================================================
DOCKET ENTRY

================================================================
PRESENT: Hon. <u>George H. King</u>, United States District Judge

    <u>Beatrice Herrera</u>                    <u>None</u>
    Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

None                                       None

PROCEEDINGS:   Defendants' Motion to Dismiss

    This matter is before the Court on the above-entitled motion brought by defendants U.S. Envtl. Prot. Agency ("EPA"), and Stephen L. Johnson, and intervenor-defendants Nat'l Ass'n of Home Builders, and Associated Gen. Contractors of Am. (collectively "Defendants") against plaintiffs Natural Res. Defense Council ("NRDC"), and Waterkeeper Alliance and intervenor-plaintiffs state of New York, New York State Dep't of Envtl. Conservation, and state of Connecticut (collectively "Plaintiffs"). This matter is appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15. After considering all the papers filed, we rule as follows:

I.   <u>Background</u>

    The parties are familiar with the facts in the current action. Consequently, we will not repeat any facts except as necessary.

II.  <u>Discussion</u>

    Plaintiffs bring suit to compel EPA to promulgate effluent limitation guidelines ("ELGs") and new source performance standards ("NSPSs") for stormwater pollution discharges from construction and development sites. Defendants contend that dismissal of Plaintiffs' Clean Water Act ("CWA") and Administrative Procedure Act claims is appropriate since the courts of appeals have exclusive jurisdiction pursuant to section 509(b)(1)(E), 33 U.S.C. § 1369(b)(1)(E). Under section 509(b)(1)(E) the courts of appeals have exclusive jurisdiction to review the Administrator's action DOCKETED ON CM or

DOCKETED ON CM
AUG 29 2005
BY                    111

promulgating any effluent limitation or other limitation under section 1311, 1312, 1316, or 1345 . . . ." 33 U.S.C. § 1369(b)(1)(E).

Plaintiffs, however, argue that section 509(b)(1)(E) is inapplicable since EPA has not approved or promulgated any ELGs or NSPSs. Defendants respond by arguing that section 509(b)(1)(E) encompasses any final action by EPA, regardless of whether the end result is an ELG or NSPS, or a decision not to issue an ELG or NSPS.

Despite Defendants' contentions, section 509(b)(1)(E) is inapplicable. First, as recognized in Trustees for Alaska v. EPA, 749 F.2d 549, 559 (9th Cir. 1984), allegations that EPA failed to approve or promulgate ELGs or NSPSs are outside the scope of section 509(b)(1)(E). See also Maier, P.E. v. EPA, 114 F.3d 1032, 1037 (10th Cir. 1997) (stating that section 509(b)(1)(E) "arguably does not apply to the Administrator's refusal to promulgate a rule in the first instance"); Armco, Inc. v. EPA, 869 F.2d 975, 981-82 (6th Cir. 1989) (finding that direct review before appeals court of EPA's failure to promulgate regulations was improper as no action by EPA had taken place); Envtl. Def. Fund v. EPA, 598 F.2d 62, 90-91 (D.C. Cir. 1978) (finding no appeals court jurisdiction to hear direct challenge to EPA's failure to promulgate regulations). The Trustees for Alaska court clearly stated that where a petitioner's "argument is framed in terms of EPA's failure to comply with a nondiscretionary duty to promulgate industry-wide rules[,]" the petitioner is required to bring the action in district court pursuant to section 505(a)(2), 33 U.S.C. § 1365. Trustees for Alaska, 749 F.2d at 558-59. Defendants' argument that Trustees for Alaska is distinguishable since, here, EPA "proposed [ELGs], accepted public comment, compiled a voluminous administrative record, and made an affirmative decision . . . not to promulgate [ELGs]" is unavailing. See Joint Br. at A-16:2-6. Nothing in Trustees for Alaska suggests that its holding is conditioned on the lack of a record, public comment, or any other similar conduct.

Second, Penn. Dept. of Envtl. Res. v. EPA, 618 F.2d 991, 995-96 (3d Cir. 1980), a case relied upon by the court in Trustees for Alaska, recognized that EPA inaction is outside of the scope of section 509(b)(1)(E) even where EPA's failure to approve or promulgate was a deliberate decision based on a record. The court rejected the petitioner's argument that since the issue of post-mining discharges "was raised" during EPA's rulemaking proceedings EPA had not failed to act, i.e. that "as long as the subject matter of the deferred regulations [were] included in the scope of the administrative proceedings, there is a sufficient record for [the] court to review." Id. at 995. The court reasoned that "deferral [was] no more nor less a failure to act . . . ." Id.

Third, the statutory language itself suggests that EPA's decision not to issue ELGs or NSPSs does not constitute an approval or promulgation within the meaning of section 509(b)(1)(E). The plain language of section 509(b)(1)(E) is limited to actions

2

"approving or promulgating" ELGs or NSPSs. Defendants' contention that Congress settled on the phrase "approving or promulgating" rather than "regarding 'approving or promulgating'" "because that is often the agency action" engaged in by EPA, Joint Br. at A-11:11-13, is hardly convincing.

Also, the specificity of section 509, in "distinguish[ing] between EPA approvals, determinations and promulgations . . . . demonstrates that Congress did not intend court of appeals jurisdiction over all EPA actions taken pursuant to the [CWA]." Boise Cascade Corp. v. EPA, 942 F.2d 1427, 1431-32 (9th Cir. 1991); see also Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1313 (9th Cir. 1992); League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Forsgren, 309 F.3d 1181, 1190 n.8 (9th Cir. 2002); Lake Cumberland Trust, Inc. v. EPA, 954 F.2d 1218, 1222 (6th Cir. 1992); Bethlehem Steel Corp. v. EPA, 538 F.2d 513, 517 (2d Cir. 1976).

Moreover, if Congress intended section 509(b)(1)(E) to include any action "regarding 'approving or promulgating,'" it could have used the phrase "any determination" as it did in subsections B and D. See 33 U.S.C. § 1369(b)(1)(B), (D); Boise Cascade Corp., 942 F.2d at 1432 (recognizing that the use of different words in the same sentence of a statute signals that Congress intended to distinguish between them); Lake Cumberland Trust, Inc., 954 F.2d at 1222 (same); Longview Fibre Co., 980 F.2d at 1314 ("Had Congress intended a more general meaning, it would have used more general words.").

Fourth, courts have interpreted the term "promulgate" in a manner inconsistent with Defendants' interpretation. In Am. Paper Inst., Inc. v. EPA, 882 F.2d 287, 288 (7th Cir. 1989), the plaintiff sought direct review of an EPA Region V policy statement concerning discharges of dioxin from paper mills. The court held that section 509(b)(1)(E) was inapplicable since, inter alia,

> neither Region V nor the Administrator had "promulgated" anything. Promulgation means issuing a document with legal effect. Region V's policy statement has none: it does not appear in the Federal Register and will not be codified in the Code of Federal Regulations.

Id. at 288-89. The court found that policy statements without independent legal effect do not establish rules that render discharges unlawful, and, that, to constitute a limitation under section 509(b)(1)(E), the regulation "must have bite - it must at least control the states or the permit holders, rather than serve as advice about how the EPA will look at things when the time comes." Id. at 289. In other words, "[u]ntil . . . EPA puts polluters under the gun, compelling them to do something they would rather not, the 'final' agency action lies ahead," and therefore review under section 509(b)(1)(E) is not appropriate. Id.; see also S. Holland Metal Finishing Co. v. Browner, 97 F.3d 932, 936 (7th Cir. 1996).

Fifth, policy reasons favoring appeals court jurisdiction are insufficient and are counterbalanced by policy reasons favoring district court jurisdiction. Without doubt, courts hold that the presence of an administrative record militates in favor of jurisdiction before appeals courts. See, e.g., Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). However, Florida Power & Light Co. also recognized that such policy reasons cannot override the clear intent of Congress. Id. at 745. As discussed above, the plain language of section 509(b)(1)(E) suggests that approving and promulgating is not the same as "any determination." Moreover, although the presence of a record diminishes the significance of our factfinding abilities, "the district court is[,] [nevertheless,] the proper court to consider whether mandamus or other extraordinary relief is appropriate and under what circumstances or conditions mandamus would be made available." Armco, Inc., 869 F.2d at 982.

In addition, Defendants' argument that denying direct review under these circumstances will lead to irrational bifurcation, and delay are overstated. Irrational bifurcation occurs where appeals courts and district courts are placed in the position of reviewing the same action, Forelaws on Bd. v. Johnson, 709 F.2d 1310, 1313 (9th Cir. 1983), or are prevented from addressing the root cause of various complaints, such as where the appeals court reviews the issuance or denial of permits while the district court reviews the underlying regulations governing the issuance or denial of permits, see NRDC v. EPA, 673 F.2d 400, 405-06 (D.C. Cir. 1982). Here, however, a finding of no direct review does not give rise to such a "perverse situation": there is no equivalent underlying regulation, and the appeals court and district court would not review the same agency decision since in one case an ELG or NSPS would have been promulgated while in another there would be no such promulgation.

Moreover, policy reasons support a narrow reading of section 509(b)(1)(E). See Penn. Dept. of Envtl. Res., 618 F.2d at 997 (finding no appeals court jurisdiction over EPA deferral of regulations since, otherwise, "[courts of appeals would be open] to unlimited interlocutory review of all sorts of procedural steps taken in EPA rulemaking proceedings"); Longview Fibre Co., 980 F.2d at 1313; Am. Paper Inst., Inc., 882 F.2d at 289.

Also, district court jurisdiction is supported by pragmatic reasons. See Penn. Dept. of Envtl. Res., 618 F.2d at 997 (recognizing that construing section 509(b)(1)(E) as permitting the same type of relief available under section 505 would deprive EPA of the protection of the requirement that the plaintiff give EPA sixty days' notice before a court may order performance of a mandatory duty). Additionally, denying appeals court review under such circumstances does not deprive the parties of relief: relief is available before the district court under section 505(a)(2). Id.

Finally, none of Defendants' cases dictate a contrary result. Many of the cases do not address section 509(b)(1)(E). See Ctr. for Auto Safety v. Natl. Highway Traffic Safety Admin., 710 F.2d 842, 845-46 (D.C. Cir. 1983) (interpreting phrase "any rule" in the Motor

4

Vehicle Information and Cost Savings Act); Crown Simpson Pulp Co. v. Costle, 445 U.S. 193, 196-97 (1980) (applying section 509(b)(1)(F)); Am. Mining Congress v. EPA, 965 F.2d 759, 763 (9th Cir. 1992) (same); Envtl. Defense Ctr., Inc. v. EPA, 344 F.3d 832, 860-61 (9th Cir. 2003) (same). Others did not seek to compel EPA promulgation of new rules, but rather challenged the content of existing regulations. See Envtl. Defense Ctr., Inc., 344 F.3d at 860-62; Maier, P.E., 114 F.3d at 1038;[1] Las Vegas v. Clark County, 755 F.2d 697, 704 (9th Cir. 1985); Scott v. Hammond, 741 F.2d 992, 995-96 (7th Cir. 1984); Florida Power & Light Co., 470 U.S. at 731, 746. And lastly, NRDC v. EPA did not address the scope of "approving or promulgating," but instead addressed a challenge to EPA's issuance of NPDES-related regulations. See NRDC v. EPA, 673 F.2d at 401-02.

Thus, despite the fact that EPA generated a full administrative record before deciding not to approve or promulgate ELGs or NSPSs for stormwater pollution discharges from construction and development sites, EPA's failure to promulgate ELGs or NSPSs forecloses review pursuant to section 509(b)(1)(E).[2]

### III. Conclusion

In light of the foregoing, Defendants' motion to dismiss Plaintiffs' complaint is **DENIED**.

IT IS SO ORDERED.

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk_____

---

[1] As discussed above, Maier, P.E., also recognized that section 509(b)(1)(E) "arguably does not apply to the Administrator's refusal to promulgate a rule in the first instance." Maier, P.E., 114 F.3d at 1037-38.

[2] We also reject Defendants' contention that we must examine whether a nondiscretionary duty exists before finding that we have jurisdiction. Plaintiffs' allegation that EPA violated mandatory duties raises a substantial question sufficient to trigger jurisdiction before this Court at this time. See 33 U.S.C. § 1365(a)(2) ("[A]ny citizen may commence a civil action . . . against the Administrator where there is alleged a failure of the Administrator to perform any" mandatory duty); Trustees for Alaska, 749 F.2d at 558-59 (holding that where a petitioner's "argument is framed in terms of . . . EPA's failure to comply with a nondiscretionary duty to promulgate industry-wide rules[,]" the petitioner is required to bring the action in district court); Cronin v. Browner, 898 F. Supp. 1052, 1057 (S.D.N.Y. 1995) (stating that section 505(a)(2) jurisdiction is proper if "the claims alleged in the complaint are more than 'wholly insubstantial and frivolous'").

5