UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
RIVERKEEPER, INC., et al.,            :
:
               Plaintiffs,    :
:
          v.                       :
:  06 Civ. 12987 (PKC)
UNITED STATES ENVIRONMENTAL    :
PROTECTION AGENCY, et al.,          :
:
               Defendants.    :
:
------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street
New York, NY 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

WENDY H. WASZMER (WW5069)
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED
FOR LACK OF SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The Phase III Rule is an "Other Limitation" Subject to the Exclusive
           Jurisdiction of the Court of Appeals Pursuant to Section 509 of the
           Clean Water Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    There is No Subject Matter Jurisdiction in this Court . . . . . . . . . . . . . . . . . . . . . 5

          1.    CWA Section 505(a)(2) Does Not Apply Here Because
               EPA Has Not Failed to Perform a Clearly Non-Discretionary
               Duty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          2.    Plaintiffs Cannot Maintain Their APA Claims Pursuant to
               28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## PRELIMINARY STATEMENT

To survive EPA's motion to dismiss the Amended Complaint, Plaintiffs must overcome two obstacles, either of which is fatal to this action. First, Plaintiffs must establish that the Court of Appeals does not have exclusive jurisdiction over their challenge to the Phase III Rule pursuant to Section 509 of the Clean Water Act ("CWA"), 33 U.S.C. § 1369(b)(1)(E). Second, Plaintiffs must establish this Court's jurisdiction to consider their claims brought either under Section 505 of the CWA, 33 U.S.C. § 1365, or the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Because Plaintiffs cannot surmount either obstacle, their action must be dismissed.

## ARGUMENT

### PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

**A.    The Phase III Rule is an "Other Limitation" Subject to the Exclusive Jurisdiction of the Court of Appeals Pursuant to Section 509 of the Clean Water Act**

As set forth in EPA's moving brief ("Moving Br." at 11-13), the Phase III Rule is plainly an "other limitation" subject to the exclusive jurisdiction of the Court of Appeals pursuant to Section 509(b). See 33 U.S.C. § 1369(b)(1)(E) (exclusive jurisdiction to review EPA action "in approving or promulgating any effluent limitation or other limitation"). By announcing EPA's determination that Section 316(b) limitations are to be established for existing Phase III facilities on a case-by-case, best professional judgment ("BPJ") basis, the Phase III Rule constrains – or "limit[s]" – permit-writers and point sources that use cooling water intake structures ("CWISs"). See Waszmer Decl., Ex. A (Phase III Rule), at 71 Fed. Reg. 35,009. In doing so, EPA used unquestionably mandatory language:

> [E]xisting facilities that are not covered by the Phase II rule...*must* continue to meet requirements under section 316(b) of the CWA determined by the permitting authority on a case-by-case, best professional judgment basis.

Id. (emphasis added); see also 71 Fed. Reg. 35,016, 35,107 ("This means that section 316(b) requirements for Phase III existing facilities will continue to be imposed on a case-by-case, best professional judgment basis."). Plaintiffs' argument that Phase III is "nothing more than a policy statement," Pl. Opp., at 13, or that it does not "constrain permit holders or permittees in any way," id. at 14, is therefore without textual basis.[1] Indeed, procedural mandates relating to NPDES permitting have been held to constitute "other limitations" subject to the exclusive jurisdiction of the Courts of Appeals pursuant to Section 509(b). See NRDC v. EPA, 673 F.2d 400, 405 (D.C. Cir. 1982).

The regulatory approach adopted by EPA here falls squarely within the Fourth Circuit's interpretation of the term "other limitation" in Virginia Electric and Power Co. v. Costle ("VEPCO"), 566 F.2d 446, 450 (4th Cir. 1977). See Moving Br., at 12. The Fourth Circuit in VEPCO interpreted the term "other limitation" to include EPA's 1976 regulation relating to CWISs, "[n]otwithstanding that [the regulation] does not impose specific structural or locational requirements upon cooling water structures." Id.; see also NRDC v. EPA, 673 F.2d at 405 (Section 509(b)(1)(E) provides for review of "limitations" that are not "based on precise, technical information," rather "are far more general and rest dominantly on policy choices.").

---

[1] The Seventh Circuit case upon which Plaintiffs rely in support of their argument, American Paper Institute v. EPA, 882 F.2d 287 (7th Cir. 1989), is inapposite. That case concerned a "policy statement" and "approach to regulation" that the court concluded did little more than "serve as advice about how the EPA will look at things when the time comes." 882 F.2d at 289. Here, by contrast, the Phase III Rule requires that CWIS permit-writers "must" determine Section 316(b) requirements in a particular manner – on a case-by-case, BPJ basis. See 71 Fed. Reg. 35,009.

Plaintiffs' attempts to distinguish VEPCO on the basis of the text of the 1976 regulation, Pl. Opp., at 15-16, are unavailing because, like the Phase III Rule, that regulation set forth "*guidance for the NPDES discharge permit issuing authority* in determining, on a case-by-case basis, the location, design, capacity and construction of a cooling water intake structure reflecting the best technology available for minimizing adverse environmental impact." Appalachian Power Co. v. Train, 566 F.2d 451, 455 n.4 (4th Cir. 1977) (describing the 1976 regulation) (emphasis added); see 71 Fed. Reg. 35,018 (describing information in the rulemaking record that should be considered in the case-by-case review).[2]

Similarly without merit is Plaintiffs' argument that the exclusive jurisdictional grant of Section 509(b) does not apply here because EPA purportedly "fail[ed] to promulgate a 'limitation' required by the CWA." Pl. Opp., at 9 (emphasis omitted). EPA *did* impose a "limitation" – on a case-by-case, best professional judgment basis – albeit not the national categorical "best technology available" ("BTA") standard advocated by Plaintiffs. The Third Circuit and D.C. Circuit cases upon which Plaintiffs rely, see id., are thus inapposite.[3]

By arguing that EPA should have promulgated national categorical standards, instead of

---

[2] Plaintiffs' argument that the Phase III Rule is not an "other limitation" because it purportedly requires a permit-writer to "sift through an administrative record consisting of thousands of pages," Pl. Opp., at 16, is also without merit in light of the Fourth Circuit's observation that the 1976 regulation's Development Document did not direct affected parties to the specific information to be considered. See Appalachian Power Co., 566 F.2d at 457.

[3] Pennsylvania Department of Environmental Resources v. EPA, concerned an EPA decision to "specifically defer promulgation of regulations" where the pollutant discharges at issue were "not...required to meet limitations set forth." 618 F.2d 991, 994 n.2 (3d Cir. 1980). The Phase III Rule, by contrast, involves no such deferral of regulation. Similarly inapplicable is Environmental Defense Fund v. EPA, which rejected a challenge to EPA rule-making where petitioners' claim involved issues not covered by the rule-making, and where the "proceeding did not focus on them, nor was it intended to deal with the issues presented by [petitioners]." 598 F.2d 62, 90-91 (D.C. Cir. 1978).

BPJ limits, Plaintiffs seek review of the substantive merits of the limitation that EPA decided was appropriate for Phase III existing facilities.[4] See Moving Br., at 12-13; Amend. Compl., at ¶¶ 80-85. Plaintiffs' challenge is therefore squarely within the exclusive jurisdiction of the Court of Appeals under Section 509(b). Id.

Significantly, none of the cases cited by Plaintiffs, see Pl. Opp., at 9-17, involved the issue of whether the Court of Appeals has jurisdiction to review an affirmative action taken by EPA imposing limitations on a case-by-case basis. For example, NRDC v. EPA, No Civ. 04-8307 (GHK) (Rcx) (C.D. Cal. Aug. 29, 2005), as Plaintiffs concede, Pl. Opp., at 10, involved an EPA action withdrawing proposed effluent limitations. See 69 Fed. Reg. 22,472 (April 26, 2004). At issue was whether EPA's determination to withdraw proposed effluent limitations was subject to appellate review because it is action "*regarding* 'approving or promulgating'" an effluent limitation. See Super Decl., Ex. B, at 3 (emphasis added). In contrast, the Phase III Rule affirmatively announces EPA's determination that existing facilities should be subject to case-by-case review. See Waszmer Decl., Ex. A (Phase III Rule), at 35,006, 35,009.

Finally, Plaintiffs *themselves* invoked Section 509(b) in their petition for review to the Second Circuit challenging the Phase III Rule, see Moving Br., at 8-9, Waszmer Decl., Ex. B (Pre-Argument Statement), thereby effectively conceding that the Rule is an "other limitation" triggering appellate jurisdiction. Further underscoring Plaintiffs' admission is the fact that the

---

[4] As demonstrated in EPA's moving brief, see Moving. Br., at 15-16, the national categorical standards that Plaintiffs urge are not required by Section 316(b) at all. The Second Circuit flatly rejected this notion in Riverkeeper v. EPA, 358 F.3d 174, 203 (2d Cir. 2004) ("Riverkeeper I"), when it held that Section 316(b) "does not compel the EPA to regulate either by one overarching regulation, or based on categories of sources (as does section 306), or on a case-by-case basis." Id.

argument they are asserting here – that the Phase III Rule should have promulgated national categorical standards for such facilities – is *precisely* the contention they flagged for the Court of Appeals in their Pre-Argument Statement. See id. (Addendum A). Plaintiffs cannot evade the force of their concession by blithely characterizing their petition as "merely precautionary." If their opposition brief is to be taken at its word, they are conceding that there is no appellate jurisdiction to review the Phase III Rule, and their petition should have been withdrawn.[5]

For these reasons, Plaintiffs' challenge falls within the exclusive jurisdiction of the Court of Appeals pursuant to Section 509 of the CWA. This action should be dismissed for lack of subject matter jurisdiction. See Sun Enterprises v. Train, 532 F.2d 280, 287 (2d Cir. 1976) ("There is a strong presumption against the availability of simultaneous review" under the CWA); see also NRDC v. Abraham, 355 F.3d 179, 194 (2d Cir. 2004) ("[B]ifurcated and piecemeal" review by the Court of Appeals and district courts is "disfavored").

**B.    There is No Subject Matter Jurisdiction in this Court**

Even if the Phase III Rule were not an "other limitation" subject to the exclusive jurisdiction of the Court of Appeals, Plaintiffs cannot establish subject matter jurisdiction in this Court under either CWA Section 505(a)(2) or 28 U.S.C. § 1331. See Moving Br., at 13-20.

In response, Plaintiffs contend that the Court should determine subject matter jurisdiction

---

[5] The bar on simultaneous review applies, whether or not Plaintiffs' petition for review in the Court of Appeals is characterized as "precautionary." See Pl. Opp., at 7 n. 14. The bar applies here because, in both fora, Plaintiffs seek review of the merits of EPA's action in approving limits to implement Section 316(b), but Congress has specified in Section 509 that exclusive review of Plaintiffs' substantive challenge is available in only one forum, the Court of Appeals. Contrary to Plaintiffs' suggestion that EPA invited this "dual litigation," since jurisdiction is lacking in this Court, EPA could not have "stipulate[d]" to a process for Plaintiffs to proceed in district court and the Court of Appeals with the very same claims. Id.

based solely on "the face of the complaint," and that jurisdiction exists if their allegations are not "frivolous" or "wholly insubstantial." Pl. Opp., at 18-19. This premise is erroneous. Plaintiffs cannot discharge their burden of establishing subject matter jurisdiction, Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996), merely by alleging that jurisdiction exists. If that were the standard, then there would be subject matter jurisdiction over virtually any dispute simply by alleging conclusorily that jurisdiction exists – irrespective of the plain language of the substantive statute at issue. This proposition has been rejected by the courts. See Zapie Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (upon a motion to dismiss, a "party cannot rest on conclusory allegations" of jurisdiction); see also Goonewardena v. New York, 05 Civ. 8554 (PKC) (FM), 2007 WL 510097, at *6 (S.D.N.Y. Feb. 14, 2007).[6]

Instead, in a suit where the United States or one of its agencies, such as EPA, is a defendant, Plaintiffs bear the burden of demonstrating, by a preponderance of the evidence, Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000), that their claims fall within an express waiver of sovereign immunity, see United States v. Mitchell, 463 U.S. 206, 212 (1983). Moreover, the Court is obligated, in resolving a jurisdictional motion, to refer to matters outside the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001); LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999). Here, the plain language of the CWA, and the Phase III Rule itself, undercut Plaintiffs' conclusory allegations of jurisdiction.

---

[6] Judge Schwartz's 1995 decision in Cronin v. Browner, 898 F. Supp. 1052, 1059 (S.D.N.Y. 1995), is not to the contrary. In that case, the court addressed the question of whether it had federal question jurisdiction, 28 U.S.C. § 1331, to enter a proposed settlement agreement, which the Government did not contest. Id. at 1061 n.9. In assessing its jurisdiction to enter the settlement agreement, the court engaged in a threshold analysis of the plaintiffs' allegations under Section 505, ultimately concluding that the allegations were sufficient for the court to enter the settlement. Id. at 1061. Here, by contrast, the Government disputes Plaintiffs' allegations.

1.     CWA Section 505(a)(2) Does Not Apply Here Because
<u>EPA Has Not Failed to Perform a Clearly Non-Discretionary Duty</u>

Plaintiffs do not dispute that to avail themselves of the CWA citizen-suit provision, Section 505(a)(2), they must allege a "clear cut" nondiscretionary duty. <u>See</u> Moving Br., at 14-15. Failure to perform a discretionary duty does not satisfy the jurisdictional limitations of the citizen-suit provision. <u>See</u> <u>NRDC v. Fox</u>, 30 F. Supp. 2d 369, 376-78 (S.D.N.Y. 1998); <u>see also</u> <u>Altman v. United States</u>, 2004 WL 3019171, at *4 (W.D.N.Y. Dec. 30, 2004). Plaintiffs cannot meet the burden of establishing citizen-suit jurisdiction because CWA Section 316(b), the substantive provision upon which Plaintiffs rely, does not impose upon EPA a duty to promulgate national categorical standards for CWISs.[7] <u>See</u> <u>supra</u> at 4, n. 4, Moving Br., at 14-16. While Section 316(b) gives EPA the *discretion* to adopt such standards, it does not *mandate* that the agency do so. <u>See</u> <u>supra</u> at 4, n. 4 (citing <u>Riverkeeper I</u>, 358 F.3d at 203).

Plaintiffs' assertion that the presence of the terms "shall" or "require" within Section 316(b) create a non-discretionary duty, Pl. Opp., at 21, misreads the statute. The text of Section 316(b) specifies a substantive standard applicable to CWISs; it is not a mandate for EPA to undertake a particular act or duty, such as promulgating national categorical or BTA regulations. Indeed, in contrast to other sections of the CWA, Section 316(b) contains no statutory directive

---

[7] Contrary to Plaintiffs' assertion, Pl. Opp., at 19-20, the existence of a non-discretionary duty is properly determined "at this stage," upon EPA's motion to dismiss for lack of jurisdiction. <u>See, e.g.</u>, <u>Sun Enterprises, Ltd. v. Train</u>, 394 F. Supp. 211, 216-18 (S.D.N.Y. 1975) (reviewing statutory language of CWA to determine whether plaintiffs properly alleged Section 505 claim, and granting defendants' Rule 12 motion to dismiss the claims); <u>Rushing v. Leavitt</u>, 2005 WL 555415, at *5-11 (D.D.C. Mar. 7, 2005) (reviewing statutory language of CWA to determine existence of non-discretionary duty, and dismissing Section 505 claims upon defendant's Rule 12 motion); cf. <u>Natural Resources Defense Council, Inc. v. Thomas</u>, 689 F.Supp. 246, 252-59 (S.D.N.Y. 1988) (evaluating existence of non-discretionary duty under the Clean Air Act ("CAA") upon defendants' Rule 12 motion to dismiss for lack of jurisdiction).

to promulgate regulations at all.  See Moving Br., at 18 n.9.[8]

Also unavailing is Plaintiffs' reliance on dicta in Riverkeeper I and Riverkeeper v. EPA, 475 F.3d 83, 96 (2d Cir. 2007) ("Riverkeeper II"), see Pl. Opp., at 22, since neither of these actions addressed whether EPA has a non-discretionary duty to promulgate national categorical standards or regulations pursuant to Section 316(b).  Furthermore, to the extent the Second Circuit's dicta suggests that the deadlines in Sections 301 and 306 are relevant to when EPA "ought to have regulated" intake structures, even in that case, the deadlines pertain to the application of Section 316(b)'s substantive standard to facilities with CWISs, which may be done on a case-by-case basis or through national categorical standards.  Riverkeeper I, 358 F.3d at 203.  As the Second Circuit expressly held in Riverkeeper I, id., the text of Section 316(b) authorizes EPA to regulate CWISs on a case-by-case basis or by one overarching regulation, thus conferring upon EPA discretion to determine how best to apply Section 316(b)'s substantive standard.  Plaintiffs fail to point to any language in Section 316(b) giving rise to a non-discretionary duty on the part of EPA, and the Court should reject Plaintiffs' invitation to infer one.[9]  See NRDC v.

---

[8] Although Section 316(b) does not compel EPA to promulgate regulations, EPA promulgated two regulations regarding existing facilities that are not subject to national categorical standards.  See Moving Br., at 17-18 (citing 40 C.F.R. § 125.90(b), 40 C.F.R. § 401.14).  In light of the Second Circuit's decision in Riverkeeper II remanding several provisions of the Phase II Rule, however, on March 20, 2007, EPA announced that "the rule should be considered suspended" and that it "anticipate[s] issuing a Federal Register notice formally suspending the Rule in the near future."  Section 125.90 was promulgated as part of the Phase II rule-making.  Accordingly, EPA no longer relies on that particular provision in its motion here.

[9] Unable to refute that Riverkeeper I construed the text of Section 316(b) to confer upon EPA *discretion* to determine how best to apply Section 316(b)'s substantive standard, Plaintiffs argue that EPA has a non-discretionary duty to promulgate national categorical standards because EPA has found that technologies are "available" for these facilities, Pl. Opp., at 23-24.  In so doing, Plaintiffs invite the Court to consider the reasonableness of EPA's discretionary decision to apply BPJ limits to Phase III existing facilities.  Plaintiffs' argument, however, fails to address

- 8 -

Fox, 30 F. Supp. 2d at 376.

    2.    <u>Plaintiffs Cannot Maintain Their APA Claims Pursuant to 28 U.S.C. § 1331</u>

Plaintiffs do not dispute that if the Court of Appeals has exclusive jurisdiction to consider their challenge to the Phase III Rule, any claims asserted under the APA should also be dismissed. <u>See</u> Moving Br., at 19-20; <u>see also</u> <u>Media Access Project v. FCC</u>, 883 F.2d 1063, 1067 (D.C. Cir. 1985) ("statutory review in the agency's specially designated forum prevails over general federal question jurisdiction in the district courts"); <u>NRDC v. Thomas</u>, 689 F. Supp. 246, 260 (S.D.N.Y. 1988), <u>aff'd</u>, 885 F.2d 1067 (2d Cir. 1989) ("District courts possess no federal question jurisdiction under 28 U.S.C. § 1331...where Congress has provided for exclusive review in the appellate courts.").

Moreover, Plaintiffs' APA claims are foreclosed even if their challenge to the Phase III Rule is not subject to the exclusive jurisdiction of the Court of Appeals. Plaintiffs' reliance upon this Court's federal question jurisdiction, 28 U.S.C. § 1331, Pl. Opp., at 18, is unavailing because there is no waiver of sovereign immunity under the APA for Plaintiffs' claims, for two reasons.

First, the APA requires an allegation of "final agency action." <u>See</u> 5 U.S.C. § 704; <u>see also</u> <u>Environmental Defense Fund, Inc. v. Johnson</u>, 629 F.2d 239, 241 (2d Cir. 1980); <u>Can v. United States</u>, 820 F. Supp. 106, 112 (S.D.N.Y. 1993). A final agency action is one by which "rights or obligations have been determined," or from which "legal consequences will flow." <u>Bennett v. Spear</u>, 520 U.S. 154, 178 (1997) (citations omitted). In light of this requirement,

---

the issue before the Court, <u>i.e.</u>, whether the language of Section 316(b) imposes a clear-cut, non-discretionary duty to act. Indeed, the issue Plaintiffs raise – whether EPA's has properly exercised its discretion in implementing Section 316(b) – may only be reviewed in the Court of Appeals under Section 509(b). <u>See</u> <u>supra</u> at 3-4; Moving Br., at 12-13.

Plaintiffs cannot assert (1) for the purpose of evading the exclusive jurisdiction of the Court of Appeals, that EPA's final action has no independent legal effect, Pl. Opp., at 13, and (2) that this Court has jurisdiction to review the purported non-action under the APA, see Pl. Opp., at 24-25. If the Court determines that the Phase III Rule has no independent legal effect, and is therefore not reviewable in the Court of Appeals, Plaintiffs cannot thereafter seek this Court's review of a "final agency action" because they will have conceded that there is none.

Second, Plaintiffs' APA claims are also barred because this statute, by its terms, provides a remedy only where "there is no other adequate remedy in a court." See Moving Br., at 19 (citing 5 U.S.C. § 704). Here, Plaintiffs have already secured another avenue for relief – by filing a petition for review in the Court of Appeals for the Fifth Circuit, challenging the precise action at issue here. See ConocoPhillips, et al. v. EPA, 06-60662 (L) (5th Cir.) (docket sheet reflecting opening briefs due on March 30, 2007). Accordingly, to allow Plaintiffs to pursue the same claims here would run contrary to the requirements of the APA.

## CONCLUSION

For the reasons set forth above and in the Moving Brief, the Amended Complaint should be dismissed.

Dated: New York, New York
      March 28, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: _____
WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

-10-