**THE ENVIRONMENTAL LAW CLINIC**
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
COLUMBIA UNIVERSITY SCHOOL OF LAW
435 WEST 116TH STREET • NEW YORK, NY 10027

TEL: 212-854-4376
ELLOYD@LAW.COLUMBIA.EDU

FAX: 212-854-3554

April 4, 2007

**VIA FEDERAL EXPRESS**




The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

Re: *Riverkeeper, Inc., et al. v. EPA*, 06 Civ. 12987 (PKC)

Dear Judge Castel:

    I am the lead counsel for the Plaintiffs in the above-referenced matter.

    I write with respect to an issue raised for the first time in the reply briefs of defendant United States Environmental Protection Agency (EPA) and intervenor Cooling Water Intake Structure Coalition (CWISC) in support of EPA's motion to dismiss the amended complaint.

    In its opening brief in support of its motion, EPA argued that Plaintiffs' Second and Third Claims for Relief (which it refers to as the "APA Claims") should be dismissed only because APA claims do not lie where there is another "adequate remedy in a court."[1] EPA thus argued that these claims should be dismissed because, it contends, section 509(b)(1)(E) provides an adequate remedy in the court of appeals. Significantly, EPA did *not* argue in its opening brief that the Second and Third Claims for Relief should be dismissed if this Court determines that the jurisdictional grant of section 509(b)(1)(E) does *not* apply here.

    On reply, however, EPA for the first time argues that "Plaintiffs' APA claims are foreclosed *even if* their challenge ... is not subject to the exclusive jurisdiction of the Court of Appeals [under CWA section 509(b)(1)(E)]." EPA bases this new assertion on a wholly new theory: that if EPA's action is not a "limitation" under CWA section 509(b)(1)(E), then it cannot be "final agency action" reviewable under the APA.[2]

---

[1] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, February 7, 2007, at 19-20 (citing 5 U.S.C. § 704). CWISC did not submit a substantive opening brief.

[2] *See* Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Complaint, March 28, 2007, at 9-10 (emphasis added). CWISC makes a similar argument. *See* Intervenor's Reply Memorandum in Support of Defendants' Motion to Dismiss, March 28, 2007, at 8 n.8.

MEMO ENDORSED

The Honorable P. Kevin Castel
April 4, 2007
Page 2 of 3

Because EPA and CWISC raised this issue only on reply, Plaintiffs were not able to respond in their opposition brief. Consequently, Plaintiffs respectfully request leave of Court to submit a short surreply to that specific point.

EPA and CWISC are simply wrong in equating CWA section 509(b)(1)(E)'s jurisdictional test with "final agency action" under the APA. The APA defines "agency action" to include, *inter alia*, "[1] the whole or a part of an agency rule, ... or [2] denial thereof, or [3] failure to act."[3] In contrast, section 509(b)(1)(E) covers EPA's "action ...in approving or promulgating any ... limitation under [specified CWA subsections]."[4] Because the statutory definitions are not synonymous, EPA action is reviewable if it meets *any* of the three disjunctive parts of the quoted APA definition, whether or not it is covered by CWA section 509.

The case EPA cites to equate the two tests, *Bennett v. Spear*, 520 U.S. 154 (1997), did not involve an EPA decision not to promulgate CWA regulations, but rather a biological opinion issued by the U.S. Fish and Wildlife Service (FWS) under the Endangered Species Act. Significantly, the FWS's issuance of a biological opinion in *Bennett* was indisputably an affirmative act; the only issue was the *finality* of that action. *Id.* at 177-78. The Court did not address the question of what may constitute "part of an agency rule," "denial thereof," or a "failure to act" under APA section 551, much less whether any of these "agency actions" would be reviewable under CWA section 509.

In contrast, finality is not in dispute here, as EPA has admitted the finality of its action in its Federal Register notice: "This *final action* also announces EPA's decision not to promulgate a national rule for existing Phase III facilities."[5] Further, unlike the biological opinion in *Bennett*, it is agency *inaction* (as well as a decision not to take certain action) that gives rise to Plaintiffs' claims. Because EPA's June 2006 decision not to promulgate regulations meets the APA's definition of "agency action" in 5 U.S.C. § 551(13), it is reviewable in this Court even though it does not meet CWA section 509(b)(1)(E)'s narrower definition of "promulgating any ... limitation."

Indeed, cases cited in Plaintiffs' opposition brief held that EPA's decisions not to promulgate regulations are reviewable in the district court even if they are not covered by either of the CWA's jurisdictional provisions, sections 509 or 505.[6] In addition, other courts (including this Court) have reviewed EPA's failures to act and/or denials of

---

[3] 5 U.S.C. § 551(13).

[4] 33 U.S.C. § 1369(b)(1)(E).

[5] 71 Fed. Reg. 35,006, 35,014/1 (June 16, 2006) (emphasis added).

[6] *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint, March 9, 2007, at 18 (citing *Environmental Def. Fund. v. EPA*, 598 F.2d 62, 91 (D.C. Cir 1978) and *Chemical Mfrs. Ass'n v. EPA*, 870 F.2d 177, 266 (5th Cir. 1989)).

requests to act under the APA.[7] Plaintiffs will not burden the Court here with further citations to the extensive body of authority discussing the APA's "final agency action" test, but we would be happy to provide such authority in any supplemental briefing desired by the Court or at oral argument, if such argument is scheduled.

    Thank you for your attention to this matter.

                                                    Respectfully submitted,

                                                    Reed W. Super
                                                    Counsel for Plaintiffs

cc:    Wendy H. Waszmer, Assistant US Attorney, Counsel for Defendants
        Russell S. Frye, Counsel for Intervenor

*[Handwritten annotation: "Leave to file sur-reply for purg granted. It is SO ORDERED. [signature] USDJ 4-5-07"]*

---

[7] *See, e.g., Natural Resources Defense Council v. Fox*, 93 F. Supp. 2d 531, 538 (S.D.N.Y. 2000) (citing 5 U.S.C. § 551(13) and recognizing that "[t]he APA itself includes 'failure to act' in its definition of 'agency action'"), *aff'd in pertinent part*, 268 F.3d 91 (2d Cir. 2001).