

**U.S. Department of Justice**

United States Attorney
Southern District of New York

86 Chambers Street, 3rd Floor
New York, New York 10007

April 25, 2007

*[Handwritten memo endorsement:] April 25 letter brief is accepted for filing and well be considered on the motion. SO ORDERED [signature] USDJ 4-26-07*

*MEMO ENDORSED*

*[Stamp:] USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 4/26/07*

*[Stamp:] RECEIVED APR 26 2007 P. KEVIN CASTEL U.S.D.J.*

**BY HAND**
The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

    Re: <u>Riverkeeper, et al. v. EPA</u>, 06 Civ. 12987 (PKC)

Dear Judge Castel:

    I write respectfully on behalf of defendant United States Environmental Protection Agency ("EPA") in response to plaintiffs' surreply, dated April 23, 2007, relating to their claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). For the following reasons, EPA seeks leave of the Court to submit this brief response to the surreply.

    As a threshold matter, plaintiffs err in asserting that EPA raised "a point for the first time in the reply brief[]" regarding their APA claims. Pl. Surreply at 1. To the contrary, EPA properly responded to the inherent conflict in the arguments raised by plaintiffs' opposition brief regarding the legal effect of the Phase III Rule. Plaintiffs' opposition asserted that the Phase III Rule has no "independent legal effect" for the purpose of evading the strictures of Section 509 of the Clean Water Act ("CWA"), 33 U.S.C. § 1369(b)(1)(E), but also claimed that the rule nevertheless constitutes "final agency action" reviewable under the APA, <u>see</u> EPA Reply at 9-10. Pointing out the contradiction between these positions was fair comment.

    Plaintiffs' surreply further highlights this tension. Plaintiffs attempt to draw semantic distinctions to reconcile their arguments that the Phase III Rule is not subject to review under CWA Section 509, but nevertheless has sufficient "legal consequences" to trigger APA review. <u>Compare</u> Pl. Opp. at 13-14 (Phase III Rule has no "independent legal effect that meaningfully constrains permit writers or permittees") <u>with</u> Pl. Surreply at 7-8 (Phase III Rule is "final agency action," reviewable under the APA, because "'legal consequences will flow' from the decision; namely, permits will in fact be issued (and re-issued) to existing manufacturing facilities on a case-by-case

basis according to the 'best professional judgment' of permit writers, rather than pursuant to national technology-based standards"). However, plaintiffs cannot have it both ways – EPA either took action that has a legal effect, or did not. As set forth in EPA's briefing in this case, the Phase III Rule is an agency action that constrains permit writers and permittees, and such constraints constitute an "other limitation" within the meaning of Section 509 of the CWA. See EPA Moving Brief at 12; EPA Reply at 1-4.

Moreover, plaintiffs' surreply misconstrues EPA's reply brief to assert that the CWA precludes review of all EPA actions that do not fall within the jurisdictional provisions of Sections 505 and 509. See Pl. Surreply at 1 (citing EPA Reply at 9-10). While EPA can take final action under the CWA that would be outside the scope of Sections 505 and 509, and would therefore be reviewable in this Court under the APA, see NRDC v. Fox, 30 F. Supp. 2d 369, 380 (S.D.N.Y. 1998), that is not the case here.[1] Rather, in the Phase III Rule, EPA took final action to apply national categorical standards to certain new facilities and to apply best professional judgment ("BPJ") limits to certain existing facilities. Both decisions are part and parcel of a single rulemaking action that falls within the exclusive jurisdiction of the Court of Appeals pursuant to Section 509. See Maier v. EPA, 114 F.3d 1032, 1038 (10th Cir. 1997); Chemical Mfrs. Ass'n v. EPA, 870 F.2d 177, 248-49 (5th Cir. 1989); Virginia Electric and Power Co. v. Costle ("VEPCO"), 566 F.2d

---

[1] In NRDC v. Fox, plaintiff challenged EPA's approval of state total maximum daily load ("TMDL") submissions, an action that, in contrast to EPA's action under Section 316(b), falls outside the scope of Section 509 and is therefore reviewable under 5 U.S.C. § 706(2). See 30 F. Supp. 2d at 380. NRDC v. Fox is further distinguishable from this case because the plaintiff in that case sought review of EPA's purported failure to act pursuant to Section 505 of the CWA, and alternatively, sought to compel agency action "unlawfully withheld and unreasonably delayed" pursuant to 5 U.S.C. § 706(1). Id. at 377.

Notably, plaintiffs in this case have not alleged a claim under 5 U.S.C. § 706(1), see Pl. Surreply, at 9 fn. 8, and instead seek review of the Phase III Rule as "final agency action" pursuant to 5 U.S.C. § 706(2), see Amend. Compl., at ¶¶ 94, 97. However, plaintiffs cannot simultaneously seek review of the substance of agency action under the APA, see Pl. Surreply at 7, and also contend that EPA failed to take action with regard to existing facilities, see Pl. Opp. at 9-11.

2

446, 450 (4th Cir. 1977).[2]

      Finally, plaintiffs' surreply reveals the true nature of their challenge to the Phase III Rule. Plaintiffs urge this Court to review the Phase III Rule for existing facilities because "permits will have different (likely less restrictive, and certainly less uniform) terms than if EPA had promulgated a national categorical rule." Pl. Surreply at 8. As this passage plainly reflects, plaintiffs are challenging the *substance* of EPA's determination that a case-by-case approach should be utilized with regard to existing facilities; such a challenge must be reviewed in the Court of Appeals pursuant to Section 509. See EPA Moving Br. at 11-12. Indeed, plaintiffs' acknowledgment that permittees will be subject to constraints under case-by-case review, see Pl. Surreply at 8, further supports EPA's argument that the Phase III Rule may only be reviewed in the Court of Appeals. See VEPCO, 566 F.2d at 450 (prior 316(b) regulations subject to exclusive appellate review as a "restriction on the untrammeled discretion of the industry").

      In the interest of brevity, EPA submits this abbreviated response to plaintiffs' surreply. However, should the Court desire additional briefing with regard to the issues raised in plaintiffs' surreply, EPA will respond promptly in providing such supplemental authority to the Court.

---

[2] Plaintiffs assert in their surreply that if the Phase III Rule with regard to existing facilities is to be considered "part of an agency rule," 5 U.S.C. § 551(1), APA review in this Court is available because the APA's definition of a "rule" is broader than the term "limitation" under CWA section 509(b)(1)(E). See Pl. Surreply at 8 fn.7. However, in this case, the Court can properly find that Phase III Rule constitutes both a "limitation" under Section 509 of the CWA and a "rule" under the APA. Compare NRDC v. EPA, 673 F.2d 400, 405 (D.C. Cir. 1982) (regulations setting forth policies and procedures for NPDES permitting program constituted "limitations" subject to Section 509 review) with 5 U.S.C. § 551(4) (defining a "rule" to include "statement[s] of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency"). In that event, review in this Court under the APA would be precluded. See Sun Enterprises v. Train, 532 F.2d 280, 288 (2d Cir. 1976) ("In any case, the APA...applies, by its own terms, only where 'there is no other adequate remedy in a court'...The availability of s 509 review precludes the application of 5 U.S.C. s 704.").

3

     We thank the Court for its consideration of this matter, and respectfully request that this submission be docketed and included as a part of the record in this case.

                           Respectfully,

                           MICHAEL J. GARCIA
                           United States Attorney

              By: _____
                           WENDY H. WASZMER
                           Assistant United States Attorney
                           Telephone: (212) 637-2729
                           Facsimile: (212) 637-2717

cc:  EDWARD LLOYD, ESQ. (By facsimile and first-class mail)
     REED WAYNE SUPER, ESQ.
     Counsel for Plaintiffs
     Environmental Law Clinic
     Columbia University School of Law
     435 West 116th Street
     New York, New York 10027
     Tel.: (212) 854-3365
     Fax: (212) 854-3554

     P. KENT CORRELL, ESQ. (By facsimile and first-class mail)
     Counsel for Plaintiffs
     300 Park Avenue, 17th Floor
     New York, NY 10022
     Tel.: (212) 475-3070
     Fax: (212) 475-2378

     CHARLES C. CALDART, ESQ. (By facsimile and first-class mail)
     National Environmental Law Center
     3240 Eastlake Avenue East
     Suite 100
     Seattle, WA 98102
     Tel.: (206) 568-2853
     Fax: (206) 568-2858

     JOSEPH J. MANN, ESQ. (By facsimile and first-class mail)
     National Environmental Law Center
     369 Broadway Street, Suite 200
     San Francisco, CA 94133
     Tel.: (415) 622-0086 x306
     Fax: (415) 622-0016

RUSSELL S. FRYE, ESQ. (By facsimile and first-class mail)
Counsel for Intervenor CWIS Coalition
FryeLaw PLLC
3050 K Street, NW  Suite 400
Washington, DC  20007
Tel.: (202) 572-8267
Fax: (866) 850-5198