Joseph J. Mann (admitted *pro hac vice*)
National Environmental Law Center
369 Broadway Street, Suite 200
San Francisco, California  94133
415-622-0086 x306 (tel)
415-622-0016 (fax)

　　Of Counsel for Plaintiff Massachusetts
　　Public Interest Research Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVERKEEPER, INC., NATURAL RESOURCES DEFENSE COUNCIL, WATERKEEPER ALLIANCE, INC., SOUNDKEEPER, INC., DELAWARE RIVERKEEPER NETWORK, AMERICAN LITTORAL SOCIETY, RARITAN BAYKEEPER, INC. d/b/a NY/NJ BAYKEEPER, SAVE THE BAY – PEOPLE OF NARRAGANSETT BAY, FRIENDS OF CASCO BAY, SANTA MONICA BAYKEEPER, INC., SURFRIDER FOUNDATION, MASSACHUSETTS PUBLIC INTEREST RESEARCH GROUP, INC. | Civil Action No. 06 CV 12987 (PKC) ECF case |
| Plaintiffs, | |
| vs. | **UNOPPOSED MOTION FOR SUBSTITUTION OF PARTY** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 25(c), Plaintiff Massachusetts Public Interest Research Group,

Inc. ("MASSPIRG") hereby moves for an Order allowing the substitution of Environment

Massachusetts, a successor organization, in its place as a party-plaintiff in the above-captioned action. Counsel for all other parties to this action have consented to the instant motion.

The Amended Complaint adding MASSPIRG as a party-plaintiff was filed with this Court on January 17, 2007. In February 2007, MASSPIRG spun off the entirety of its environmental advocacy program into a new corporate entity, known as Environment Massachusetts, which has continued to work at the local, state, and national levels, through public education, research, citizen outreach, lobbying, and litigation, to improve environmental quality in Massachusetts. See attached Declaration of Frank Gorke ¶¶ 2-3. Accordingly, the environmental interest in this lawsuit that used to be held by MASSPIRG is now held by Environment Massachusetts alone. See id. at ¶ 4.

Granting party status to Environment Massachusetts will occasion no prejudice to any of the other parties, as MASSPIRG will be dropping out of the case entirely, and any arguments that would have been made by MASSPIRG prior to February 2007 will be made by Environment Massachusetts moving forward. The same counsel for MASSPIRG – the National Environmental Law Center – will remain as counsel for Environment Massachusetts. The substitution will have no jurisdictional consequences, as party status does not affect this court's jurisdiction under the Clean Water Act citizen suit provision, 33 U.S.C. § 1365(a), or the general federal question statute, 28 U.S.C. § 1331.

For the reasons stated above, Plaintiff MASSPIRG respectfully moves for an order substituting Environment Massachusetts in its place as a party-plaintiff in the above-captioned action.

Dated:  May 17, 2007                              Respectfully submitted,


                                                  s/_____/
                                                  Joseph J. Mann (JM-9346, *pro hac vice*)
                                                  National Environmental Law Center
                                                  369 Broadway Street, Suite 200
                                                  San Francisco, California  94133
                                                  415-622-0086 x306 (tel)
                                                  415-622-0016 (fax)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RIVERKEEPER, INC., NATURAL
RESOURCES DEFENSE COUNCIL,
WATERKEEPER ALLIANCE, INC.,
SOUNDKEEPER, INC., DELAWARE
RIVERKEEPER NETWORK, AMERICAN
LITTORAL SOCIETY, RARITAN
BAYKEEPER, INC. d/b/a NY/NJ BAYKEEPER,
SAVE THE BAY – PEOPLE OF
NARRAGANSETT BAY, FRIENDS OF CASCO
BAY, SANTA MONICA BAYKEEPER, INC.,
SURFRIDER FOUNDATION,
MASSACHUSETTS PUBLIC INTEREST
RESEARCH GROUP, INC.

          Plaintiffs,

    vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and STEPHEN L.
JOHNSON, in his official capacity as
Administrator of the United States Environmental
Protection Agency,

          Defendants.

Civil Action No. 06 CV 12987 (PKC)
ECF case

**DECLARATION OF FRANK GORKE**

I, Frank Gorke, do hereby declare:

1.     I am making this declaration in support of the Environmental Petitioners' lawsuit

challenging the U.S. Environmental Protection Agency's decision not to promulgate regulations

under section Clean Water Act section 316(b) for existing Phase III facilities, which EPA

announced in the preamble to its *Final Regulations to Establish Requirements for Cooling Water*

*Intake Structures at Phase III Facilities*, 71 Fed. Reg. 35006 (June 16, 2006).

2.     I am currently the Director of Environment Massachusetts, a non-profit

environmental organization dedicated to protecting Massachusetts' air, water, and open spaces.

Environment Massachusetts advocates at the local, state, and national levels, through public education, research, citizen outreach, lobbying, and litigation, to improve the quality of our environment.

3.      Environment Massachusetts was incorporated in February 2007, approximately eight months after this litigation was initiated. The organization was created to carry on the environmental work previously conducted by the Massachusetts Public Interest Research Group (MASSPIRG), which is a party to this case. For several years immediately prior to the creation of Environment Massachusetts, I worked for MASSPIRG as an advocate on energy and environmental issues.

4.      The interests we seek to advance through this litigation fall squarely within the mission of Environment Massachusetts and, previously, within the mission of MASSPIRG. MASSPIRG (and now, Environment Massachusetts) has long worked to improve the quality of the state's rivers, streams, lakes, ponds, bays, and estuaries. Examples of this work include: successful legislative campaigns to clean up hazardous waste sites, reduce the use of toxic chemicals, and increase recycling; advocacy for preservation of open space and maintenance of state forests and parks; and Clean Water Act litigation targeting the state's worst industrial polluters. To restore our ocean waters to health, Environment Massachusetts currently supports a moratorium on new offshore drilling for oil and gas, aggressive action to solve global warming, and an immediate halt to reckless overfishing practices.

5.      Environment Massachusetts and MASSPIRG each have members who live in every part of the state. Our members use and enjoy Massachusetts' many and varied water resources for commercial, recreational, aesthetic, and conservation purposes. They fish, boat,

swim, study and enjoy nature, and engage in many other pursuits that depend on clean and healthy water bodies.

6.     Environment Massachusetts, MASSPIRG, and their members are well aware of the environmental harms caused by cooling water intake structures at industrial facilities. By withdrawing enormous volumes of water from rivers, streams, coastal waters, and other water bodies for cooling, industrial facilities kill many billions of fish, eggs, and larvae each year. The loss of these aquatic organisms directly affects the birds that feed on them and the overall health and sustainability of aquatic ecosystems.

7.     EPA has estimated that the Phase III regulations it proposed in 2004 – but decided not to promulgate in 2006 – would have prevented the loss of as many 98,200,000 "age-1 equivalent" fish, and 4,770,000 pounds of fishery yields annually, nationwide. "Age-1 equivalents," however, only represent a tiny fraction (one percent or less) of the eggs and larvae actually entrained at Phase III cooling water intake structures. Accordingly, a far larger number of organisms would have been protected by the Phase III regulations. A significant portion of these unprotected aquatic organisms are in the North Atlantic region, of which Massachusetts is a part. Protecting these small organisms at the base of the food chain is vital to the overall health of aquatic ecosystems in, and off the shores of, Massachusetts.

8.     The commercial, recreational, aesthetic, and conservation interests of our members are, and will continue to be, directly harmed by cooling water intake structures at existing Phase III industrial facilities in Massachusetts unless and until EPA issues regulations mandating the use of the best technology available by these facilities. EPA's failure to issue such regulations under section 316(b) allows cooling water intake structures at existing industrial

facilities to continue damaging the ecological integrity of Massachusetts' waters in violation of

the Clean Water Act, despite the availability of technology to prevent that degradation.


I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 17 day of May, 2007, in Boston, Massachusetts.

Frank Gorke