UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RIVERKEEPER, INC., et al.,

                     Plaintiffs,

     -against-

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
                     Defendants.
-----------------------------------------------------------x

06 Civ. 12987(PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Section 316(b) of the Clean Water Act (the "Act"), 33 U.S.C. § 1326(b), seeks to protect fish, shellfish and other aquatic organisms from unnecessary harm from cooling water intake structures. Phase I and Phase II Rules, promulgated pursuant to a consent decree in a prior litigation to enforce section 316(b), have been considered in prior opinions of the United States Court of Appeals for the Second Circuit, familiarity with which is assumed. See Riverkeeper, Inc. v. EPA, 358 F.3d 174 (2d Cir. 2004) ("Riverkeeper I"); Riverkeeper, Inc. v. EPA, 475 F.3d 83 (2d Cir. 2007) ("Riverkeeper II").

        On June 16, 2006, the United States Environmental Protection Agency ("EPA") promulgated "Final Regulations to Establish Requirements for Cooling Water Intake Structures at Phase III Facilities" ("Phase III Rule"), 71 Fed. Reg. 35,006.[1] The EPA adopted final regulations establishing categorical limitations for intake structures at new offshore oil and gas extraction facilities. Id. However, the final action did not include the promulgation of a regulation governing existing Phase III facilities. Id.

---

[1] According to the EPA, Phase III includes: "Utility and non-utility power producers not covered by the Phase II regulations, pulp and paper manufacturing, petroleum and coal products manufacturing, chemical and allied products manufacturing, and primary metals manufacturing . . . ." 71 Fed. Reg. at 35,011.

The plaintiffs filed suit against the EPA and its Administrator (collectively, the "EPA defendants") pursuant to section 505(a) of the Act. They allege that the EPA Administrator was required by section 316(b) to promulgate regulations governing cooling water intake structures at existing facilities but failed to do so. This, they further allege, constituted the failure to perform a non-discretionary duty under the Act. They seek injunctive and declaratory relief requiring the promulgation of such regulations.

The EPA defendants now move to dismiss asserting that subject matter jurisdiction to review final agency action with respect to any Phase III Rule lies only in the court of appeals and not in the district court.[2] The motion is denied.

I.  Subject Matter Jurisdiction

The EPA defendants correctly note that section 509(b)(1)(E) of the Act vests exclusive jurisdiction in the courts of appeals to review "the Administrator's action . . . in approving or promulgating any effluent limitation or other limitation . . . ." 33 U.S.C. § 1369(b)(1)(E). They argue that the final action of the EPA will mean that existing facilities will continue to be considered on a case-by-case, best professional judgment basis. See 71 Fed. Reg. 35,006. The EPA defendants characterize the plaintiffs' Amended Complaint as challenging the EPA's selected method of regulating cooling water intake structures in existing facilities. On a plain comparison of the agency's action against the language of section 509(b)(1)(E), the

---

[2] While the EPA defendants' Notice of Motion cites Rule 12(b)(6), Fed. R. Civ. P., the parties have not addressed the question of whether the Amended Complaint fails to state a claim, except as incidental to the jurisdictional argument. In a January 12, 2007 pre-motion letter submitted to the Court, the EPA asserted an intention to move under Rule 12(b)(1), Fed. R. Civ. P. The EPA's memorandum in support of the motion addresses subject matter jurisdiction, but advances no separate argument that the Amended Complaint fails to state a claim. (D. Mem. at 10.) Plaintiffs take the position that no Rule 12(b)(6) motion is before this Court and have not briefed the merits of such a motion. (P. Mem. at 3 n. 5.) Finally, the parties agreed in the Case Management Plan which was adopted as an Order of this Court that "if the court has jurisdiction to review plaintiffs' claims, the claims are properly resolved upon cross motions for summary judgment. (Order dated Jan. 19, 2007; Docket No. 13.) I do not now reach whether the Amended Complaint states a claim upon which relief may be granted.

decision not to promulgate a regulation or other form of "limitation" does not easily equate with "action . . . approving or promulgating any effluent limitation or other limitation."

Not all actions of the EPA under the Act are reviewable under section 509(b)(1)(E). "If Congress had so intended, it could have simply provided that all EPA action under the statute would be subject to review in the courts of appeals, rather than specifying particular actions and leaving out others." Bethlehem Steel Corp. v. EPA, 538 F.2d 513, 517 (2d Cir. 1976). The Amended Complaint asserts a claim that is not within the scope of section 509(b)(1)(E) because it challenges not a "limitation" but the absence of a "limitation."

The EPA defendants point out that the plaintiffs have filed a petition under 509(b)(1)(E) in the Court of Appeals for the Second Circuit (subsequently transferred to the Fifth Circuit) to review the agency action. Riverkeeper v. EPA, 06-3059-ag (2d Cir.). True, "there is a strong presumption against the availability of simultaneous review in both the district court and the court of appeals" under the Act. Sun Enterprises, Ltd. v. Train, 532 F.2d 280, 287 (2d Cir. 1976) (citing Oljato Chapter of Navajo Tribe v. Train, 515 F.2d 654 (D.C. Cir. 1975)). But the presumption does not relieve this Court of its obligation to determine its own jurisdiction. There is no indication that proceedings in the Court of Appeals have advanced beyond an application to transfer venue from the Fifth Circuit to the Second Circuit, and plaintiffs have expressed an intention to seek a stay of their petition.

Having concluded that the Amended Complaint does not present an issue under section 509(b)(1)(E), there remain the questions of whether this Court has jurisdiction of the asserted claims under section 505(a) of the Act and sections 706(2)(A) and (C) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C).

A.  Citizen Suits Under Section 505(a) of the Clean Water Act

Section 505(a) of the Act permits "any citizen" to commence an action on his own behalf in the district courts "against the Administrator [of the EPA] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2).  Here, the Amended Complaint alleges that the EPA administrator had a non-discretionary duty under the Act to promulgate regulations governing cooling water intake structures at existing industrial facilities but failed to do so.  (Am. Compl., ¶ 90.)  If not immaterial, insubstantial or frivolous, the allegations are sufficient to confer jurisdiction on this Court.  Bell v. Hood, 327 U.S. 678, 681-83 (1946).

Section 316(b) of the Act provides that "[a]ny standard established pursuant to section [301 (effluent limitations)] or section [306 (national standards of performance)] and applicable to a point source shall require that the location, design, construction, and capacity of cooling water intake structures reflect the best technology available for minimizing adverse environmental impact." 33 U.S.C. § 1326(b); see also id. §§ 1311, 1316.  The quoted statutory language does not on its face mandate the issuance of any regulation or "standard" but speaks to the required elements of "any standard" that is established under sections 301 and 306.  The plaintiffs assert that the missing element is supplied by section 301 which required certain "effluent limitations" be established by specified dates.  The plaintiffs assert that section 301 "effluent limitations" were established for existing facilities thereby triggering an obligation to establish certain limitations under section 316(b).  See 40 C.F.R. §§ 414, 419, 430 & 438; see also Riverkeeper I, 358 F. 3d at 185 (discussing the obligation to promulgate effluent limitations applicable to existing facilities under section 301).  It suffices to note for jurisdictional purposes

that plaintiffs' allegations are not "immaterial", "insubstantial" or "frivolous".  Bell v. Hood, 327 U.S. at 682-83.

I do not view Virginia Electric & Power Co. v. Costle, 566 F.2d 446 (4th Cir. 1977), to be to the contrary.  There, a regulation was promulgated under section 316(b) which required the submission of certain data to facilitate a case-by-case review.  The Court concluded that the regulation, though it did not contain specific numerical standards, amounted to a "limitation." Id. at 450.  Here, it is the absence of a limitation that is challenged, not the adequacy of a limitation that has been approved or promulgated.

This Court has subject matter jurisdiction over the section 505(a) claim.

B.  The Claim Under Administrative Procedure Act

Plaintiffs have also asserted claims for relief under sections 706(2)(A) and (C) of the APA, 5 U.S.C. § 706(2)(A), (C).  The second claim for relief, asserted under section 706(2)(C), asserts that in not promulgating regulations, the EPA defendants acted inconsistent with and in excess of their statutory authority and limitations under the Act.  (Am. Compl., ¶¶ 92-94.)  The third claim asserts that the EPA defendants' failure to promulgate regulations was arbitrary, capricious, an abuse of discretion or contrary to law.  (Id., ¶¶ 92-97.)

Plaintiffs concede that these claims must drop out of the case if they were to prevail on the section 505(a) claim.  Were this Court to conclude that the plaintiffs' section 505(a) claim did state a claim for relief (which I do not now reach), then the plaintiffs could not meet the requirement that they have "no other adequate remedy in a court."  5 U.S.C. § 704.

This is not a circumstance where jurisdiction lies in the district court either under section 505(a) of the Act or not at all.  In Natural Resources Defense Council, Inc. v. Train, 519 F.2d 287 (D.C. Cir. 1975), the plaintiff challenged the EPA Administrator's omission of certain

substances from an initial list of toxic pollutants under the Act.  The D.C. Circuit rejected the EPA's claim that the courts of appeals had exclusive jurisdiction under section 509(b), but it also concluded that the district court did not have jurisdiction under section 505(a) because the Administrator's omission was a discretionary act.  It held that the district court properly exercised jurisdiction under section 706(2)(A) of the APA to determine whether there had been an abuse of discretion in the agency's omissions from the list of toxic pollutants.  Id. at 291.

        The EPA defendants acknowledge that there has been "final agency action" even if it has resulted in no regulations.  5 U.S.C. § 704.  It suffices for present purposes that this Court has jurisdiction to decide the claims under the APA.

II.        Relationship of this Case to Cronin

        The EPA and at least one of the plaintiffs in this action entered into a consent order in an action brought under section 505(a) alleging that the EPA had failed to promulgate regulations as required by section 316(b).  Cronin v. Browner, 898 F. Supp. 1052 (S.D.N.Y. 1995).  The opinion of the late Judge Schwartz, after concluding that the Court had subject matter jurisdiction, describes the consent order as "set[ting] forth a timetable by which EPA will either issue regulations regarding cooling water intake structures or determine that no such regulations are necessary."  Id. at 1055.  Plaintiffs allege that an amended consent decree in Cronin required the EPA to take final action by June 1, 2006 on Phase III "regulations" applicable to, at minimum, certain specific categories of operations. (Am. Compl., ¶ 58.)  If the Cronin order did require regulations, then plaintiffs' remedy may be to enforce the order.  If the order did not require regulations as to existing facilities, then it is fair to inquire whether any party to Cronin who is also a party to the action before me surrendered its right to seek such relief.  A related question is whether the lawsuit before me, which relates solely to the Phase III

Rule, is subsumed within <u>Cronin</u> which relates to all three phases and remains an open case. See <u>New Phone Co. v. City of New York</u>, __ F.3d __, 2007 WL 2282974, at *1 (2d Cir. Aug. 10, 2007) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). These issues have not been addressed but ought to be.

Conclusion

The motion to dismiss for lack of subject matter jurisdiction is denied.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 21, 2007