

**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 10/3/07

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

# MEMO ENDORSED

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

October 3, 2007

**BY HAND**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

           Re:  <u>Riverkeeper, et al. v. EPA</u>, 06 Civ. 12987 (PKC)

Dear Judge Castel:

           This Office represents defendant United States
Environmental Protection Agency ("EPA"), in the above-referenced
action in which the Court recently issued Orders dated September
21 and 28, 2007, denying EPA's motion to dismiss for lack of
jurisdiction and <u>sua sponte</u> certifying the issue of the Court's
subject matter jurisdiction over the Amended Complaint to the
Second Circuit.  We write respectfully to provide the Court with
an update regarding the advanced status of the related
proceedings in the Fifth Circuit, and to advise the Court that
EPA intends to file a motion for a stay of litigation in this
case pending the resolution of the Fifth Circuit proceedings.
EPA intends to move for a stay of further litigation in this case
because the related Fifth Circuit petitions for review referenced
in the Court's Orders challenge the very same final agency action
that is the subject of the Amended Complaint in this case.
See <u>ConocoPhillips, et al. v. EPA</u>, 06-60662-ag (L).  The
jurisdictional question has been raised and is being briefed in
that court.  EPA's responsive brief regarding the Fifth Circuit's
jurisdiction has already been submitted.

           Pursuant to the Court's Individual Practices, we
respectfully request a pre-motion conference regarding EPA's
intended motion for a stay of this action.  As the 10-day period
for seeking an interlocutory appeal pursuant Federal Rule of
Appellate Procedure 5 expires on October 12, 2007, we
respectfully request that a conference be scheduled prior to that
date.

## I.    Status of Proceedings in the Fifth Circuit and Grounds for Stay

           As set forth in EPA's moving brief, on June 30, 2006,
Riverkeeper and other parties involved in this action filed a
petition for a review of the Phase III Rule in the Second

Circuit, see Riverkeeper v. EPA, 06-3059-ag (2d Cir.).   The
petition was subsequently transferred to the Fifth Circuit under
the random selection procedures set forth in 28 U.S.C. § 2112,
and consolidated with other petitions challenging the Phase III
Rule in the ConocoPhillips litigation.

        There have since been developments in the Fifth Circuit
litigation that were not raised in briefing submitted to this
Court.  Although the Court's September 28 Order, which sua sponte
certified the issue of the Court's jurisdiction to the Second
Circuit, seems to anticipate that the ConocoPhillips petitions
will be transferred from the Fifth Circuit to the Second Circuit,
that is not the case.  By Order dated March 22, 2007, the Fifth
Circuit denied Riverkeeper's motion to transfer the petitions to
the Second Circuit.  Riverkeeper's opening brief was filed in the
Fifth Circuit on April 2, 2007, and EPA's responsive brief was
filed on July 16, 2007.  As of the date of this letter, the
remaining submissions to be filed in that case include EPA's
supplemental brief regarding the arguments of an amicus, and
petitioners' reply brief, which will also respond to the
arguments of the amicus.  Briefing in the case will be completed
by the end of November 2007.  The issue of whether the Fifth
Circuit has jurisdiction to review a challenge to the Phase III
Rule pursuant to Section 509 of the Clean Water Act, 33 U.S.C. §
1369(b)(1)(E), has been raised and is being briefed in the
ConocoPhillips litigation.  We regret not having brought these
facts to the Court's attention prior to the issuance of the
Court's Orders.

        EPA agrees with this Court that its motion to dismiss
for lack of jurisdiction raises pure questions of law that are
"controlling" issues properly considered by a federal Court of
Appeals pursuant to 28 U.S.C. § 1292(b), but respectfully submits
that under the random selection procedures of 28 U.S.C. § 2112,
the Fifth Circuit was the Court of Appeals chosen to decide these
issues.  Accordingly, EPA intends to move for a stay of this
action until the Fifth Circuit has issued its decision in the
ConocoPhillips case.  Due to the fact that this case and
ConocoPhillips involve the very same parties, as well as the same
issues of law, a decision by the Fifth Circuit may be
determinative of the claims before this Court.

        It is well established that a district court has the
inherent power to stay proceedings in order to wisely manage its
docket, "with economy of time and effort for itself, for counsel,
and for litigants."  Landis v. North Am. Co., 299 U.S. 248,
254-55 (1936).  "Although courts award stays in a wide variety of
circumstances, they often do so when a higher court is close to
settling an important issue of law bearing on the action."  Wing

<u>Shing Products Ltd. v. Simatelex Manufactory Co.</u>, 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (internal quotation marks omitted); <u>see also</u> <u>SST Global Technology, LLC v. Chapman</u>, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (noting propriety of stay in light of a "concurrently pending federal action" in the Federal Circuit where "the pending action would resolve a controlling point of law").

For these reasons, we respectfully request a pre-motion conference pursuant to the Court's Individual Practices.  Counsel for the plaintiffs, Reed Super, Esq., has advised that his clients do not consent to EPA's intended motion for a stay of proceedings pending a decision in the Fifth Circuit.  Counsel for intervenor CWIS Coalition has advised that his clients consent to EPA's request for a pre-motion conference, but respectfully request the opportunity to advise the Court of their position regarding a stay at the conference.

## II.  Necessity for Additional Time if a Stay is Not Granted

If the Court denies the requested stay of all proceedings, EPA will likely need additional time to consider whether to file an application to the Second Circuit for interlocutory appeal, and to seek any necessary approvals for such an application.[1]  Accordingly, in that event, we will likely request that the Court withdraw its <u>sua</u> <u>sponte</u> certification without prejudice and permit EPA to request re-certification of the jurisdictional issue.

## III. Relationship of This Action to <u>Cronin v. Reilly</u>, 93 Civ. 0314 (LTS)

Finally, we write respectfully in response to the reference in the Court's September 21 Order to <u>Cronin v. Reilly</u>, 93 Civ. 0314 (LTS), a related matter pending before Judge Swain. The Court's Order suggests that the parties submit further briefing explaining the relevance of <u>Cronin</u> to the claims in this action.  In light of EPA's intent to seek a stay of this action pending a decision in the Fifth Circuit, we respectfully request leave of the Court to submit further briefing regarding <u>Cronin</u> at a later time.

We thank the Court for its consideration of these matters, and respectfully request that this submission be

---

[1]  Under 28 C.F.R. § 0.20, prior approval of the Office of the Solicitor General is required to file any appeal in this matter and obtaining such an approval within the short timeframe provided for under Federal Rule of Appellate Procedure 5 would be extremely difficult.

docketed and included as a part of the record in this case.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: _____
WENDY H. WASZMER
Assistant United States Attorney
Telephone: (212) 637-2729
Facsimile: (212) 637-2717


cc:  EDWARD LLOYD, ESQ. (By facsimile and first-class mail)
     REED WAYNE SUPER, ESQ.
     Counsel for Plaintiffs
     Environmental Law Clinic
     Columbia University School of Law
     435 West 116th Street
     New York, New York 10027
     Tel.: (212) 854-3365
     Fax: (212) 854-3554

     P. KENT CORRELL, ESQ. (By facsimile and first-class mail)
     Counsel for Plaintiffs
     300 Park Avenue, 17th Floor
     New York, NY 10022
     Tel.: (212) 475-3070
     Fax: (212) 475-2378

     CHARLES C. CALDART, ESQ. (By facsimile and first-class mail)
     National Environmental Law Center
     3240 Eastlake Avenue East
     Suite 100
     Seattle, WA 98102
     Tel.: (206) 568-2853
     Fax: (206) 568-2858

     JOSEPH J. MANN, ESQ. (By facsimile and first-class mail)
     National Environmental Law Center
     369 Broadway Street, Suite 200
     San Francisco, CA 94133
     Tel.: (415) 622-0086 x306
     Fax: (415) 622-0016

     RUSSELL S. FRYE, ESQ. (By facsimile and first-class mail)
     Counsel for Intervenor CWIS Coalition
     FryeLaw PLLC
     3050 K Street, NW  Suite 400
     Washington, DC  20007
     Tel.: (202) 572-8267
     Fax: (866) 850-5198