UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
RIVERKEEPER, INC., et al., :
:
Plaintiffs, :
:
v. :
: 06 Civ. 12987 (PKC)
UNITED STATES ENVIRONMENTAL :
PROTECTION AGENCY, et al., :
:
Defendants. :
:
------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR A STAY OF PROCEEDINGS**

                                   MICHAEL J. GARCIA
                                   United States Attorney for the
                                   Southern District of New York
                                   Attorney for Defendants
                                   86 Chambers Street
                                   New York, NY 10007
                                   Telephone: (212) 637-2729
                                   Facsimile: (212) 637-2717

WENDY H. WASZMER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................... 1

BACKGROUND ................................................................ 2

    I.      The Phase III Rule ................................................ 2

    II.     Proceedings in the Fifth Circuit Regarding the Phase III Rule .............. 3

    III.    The Current Action ............................................... 6

        A.    Plaintiffs' Notice of Intent to Sue EPA Concerning
             the Phase III Rule ........................................... 6

        B.    Allegations of the Amended Complaint ........................... 6

        C.    EPA's Motion to Dismiss and the
             Court's September 21 and 29, 2007 Orders ......................... 7

ARGUMENT .................................................................. 8

FURTHER PROCEEDINGS SHOULD BE STAYED PENDING
THE ISSUANCE OF A DECISION BY THE COURT OF APPEALS
FOR THE FIFTH CIRCUIT IN CONOCOPHILLIPS, ET AL. V. EPA,
No. 06-60662 (L) ............................................................ 8

    I.      The ConocoPhillips Petitions Were the "First-Filed" Actions and Should Be
          Given Priority ................................................... 9

    II.     The Fifth Circuit Proceedings Will Settle a Controlling Issue of Law
          Bearing on the Current Action ...................................... 11

    III.    Plaintiffs Will Not Be Prejudiced By a Stay of Proceedings ................ 13

CONCLUSION ............................................................... 14

Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator of the United States Environmental Protection Agency (collectively, "EPA"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion for a stay of proceedings pending the issuance of a decision by the Court of Appeals for the Fifth Circuit in ConocoPhillips, et al. v. EPA, No. 06-60662 (L) (5th Cir.).

## PRELIMINARY STATEMENT

EPA respectfully seeks a stay of all further proceedings in this Court due to the advanced stage of litigation regarding the consolidated petitions for review in ConocoPhillips, et al. v. EPA, 06-60662-ag (L) (5th Cir.), which were filed prior to the current action, and which challenge the very same final agency action that is the subject of the Amended Complaint. All of the Plaintiffs[1] in this case, as well as intervenor CWIS Coalition, are parties to the ConocoPhillips litigation. The briefing in ConocoPhillips, which is scheduled to conclude in November 2007, raises the jurisdictional question that this Court found to be a "controlling" issue of law in its September 28, 2007 Order, i.e., whether a federal Court of Appeals has exclusive jurisdiction to review Plaintiffs' challenge to EPA's final action. A decision by the Fifth Circuit regarding its jurisdiction to review a challenge to EPA's final action is therefore likely to be determinative of Plaintiffs' ability to assert the same claims before this Court. For these reasons, EPA respectfully requests that this Court stay any further proceedings in this case

---

[1] Plaintiffs in this case are Riverkeeper, Inc., Soundkeeper, Inc., Raritan Baykeeper, Inc., Delaware Riverkeeper Network, American Littoral Society, Save the Bay - People for Narragansett Bay, Natural Resources Defense Council, Waterkeeper Alliance, Inc., Surfrider Foundation, and Environment Massachusetts.

pending a decision by the Fifth Circuit regarding the ConocoPhillips petitions for review.

## BACKGROUND

### I.   The Phase III Rule

Plaintiffs in this case challenge a final agency action of the EPA regarding cooling water intake structures ("CWISs"). See 71 Fed. Reg. 35,006 (June 16, 2006) ("the Phase III Rule"). EPA issued the Phase III Rule at the end of three phases of agency rulemaking regarding CWISs.[2] The Phase III Rule addresses new offshore and coastal oil and gas extraction facilities and certain existing facilities not addressed by previous phases of rulemaking.

Under the Phase III Rule, new offshore and coastal oil and gas extraction facilities are subject to uniform requirements to reduce the entrainment and/or impingement of aquatic organisms caused by CWISs. Id. at 35,012-13, 35,016-17; 40 C.F.R. §§ 125.134-139. For existing Phase III facilities, the National Pollutant Discharge Elimination System ("NPDES") permit-writer (EPA, or an authorized State or Tribe) assesses each site individually. Id. at 35,017. Existing Phase III facilities are then subject to requirements, incorporated in each facility's NPDES permit, to ensure that the location, design, construction, and capacity of any CWIS reflect the best technology available for minimizing adverse environmental impacts. Id. at 35,015; see also 40 C.F.R. § 125.90(b); 40 C.F.R. § 401.14.

---

[2] As discussed in the parties' prior briefing to the Court, the two previous phases of rulemaking, Phases I and II, are not at issue in the current action. See EPA Motion to Dismiss, at 3-10.

## II. Proceedings in the Fifth Circuit Regarding the Phase III Rule

Plaintiffs, intervenor CWIS Coalition, and EPA are currently in litigation regarding the Phase III Rule before the Court of Appeals for the Fifth Circuit in ConocoPhillips, et al. v. EPA, No. 06-60662 (L).  The ConocoPhillips litigation consolidates several petitions for review filed in different circuit courts of appeal challenging the Phase III Rule, including a petition filed by Riverkeeper, Inc., the National Resources Defense Council ("NRDC"), and Waterkeeper Alliance, Inc. (the "Riverkeeper Petition for Review"), who are all parties to the current action.[3] The petitions were consolidated in the Fifth Circuit pursuant to the random selection process set forth in 28 U.S.C. § 2112(a).[4]  The remaining seven Plaintiffs in this case also became parties to the ConocoPhillips litigation as a result of the consolidation of other petitions for review challenging the Phase III Rule.[5]

The Riverkeeper Petition for Review was initially filed in the Second Circuit on June 30, 2006, several months prior to their filing of the current action on November 7, 2006.  See Riverkeeper v. EPA, No. 06-3059-ag (2d Cir.).  Upon the filing of its petition, Riverkeeper asserted in its Pre-Argument Statement, inter alia, that "[a]lthough EPA had proposed national categorical standards for existing Phase III facilities, the agency's final regulations failed to

---

[3] Riverkeeper, Inc., et al. v. EPA, No. 06-60942 (5th Cir).

[4] When multiple petitions for review of the same agency action are filed in different circuits, 28 U.S.C. § 2112(a) establishes a process for determining venue, whereby the Judicial Panel for Multi-District Litigation randomly selects a single court from among the circuits in which petitions were filed in which all of the petitions will be consolidated.  After the Panel randomly selects a circuit in which to consolidate the petitions, all courts in which petitions are filed must transfer proceedings to the designated circuit.

[5] Soundkeeper, Inc., et al. v. EPA, No. 06-61033 (5th Cir.); Environment Massachusetts v. EPA, No. 06-60819 (5th Cir.); Surfrider Found. v. EPA, No. 06-60772 (5th Cir.).

include any national categorical standards for such facilities, leaving regulation of such facilities to a case-by-case determination." See Second Declaration of Wendy H. Waszmer, dated October 9, 2007 ("Sec. Waszmer Decl."), Ex. A (Pre-Argument Statement). On August 7, 2006, pursuant to 28 U.S.C. § 2112(a)(3), the Judicial Panel on Multi-District Litigation randomly selected the Fifth Circuit from among the circuits in which petitions were filed as the court in which to consolidate all petitions for review of the Phase III Rule, including the Riverkeeper Petition for Review, and ordered the consolidation of the petitions in the Fifth Circuit. See Sec. Waszmer Decl., at Ex. B (Second Circuit docket sheet); Ex. C. (Notice of Transfer). The Riverkeeper Petition for Review was transferred to the Court of Appeals for the Fifth Circuit, and was consolidated with related petitions for review challenging the Phase III Rule. See ConocoPhillips, et al. v. EPA, 06-60662 (L) (5th Cir.). By Order dated November 17, 2006, the Fifth Circuit issued a briefing schedule for the opening briefs in the litigation. See Sec. Waszmer Decl., at Ex. D (Fifth Circuit docket sheet).

On December 29, 2006, Plaintiffs filed a motion to transfer their petitions for review to the Second Circuit, which EPA opposed. Id. By Order dated March 22, 2007, the Fifth Circuit denied Plaintiffs' motion to transfer the petitions to the Second Circuit. Id. On April 2, 2007, Plaintiffs filed their opening briefs in support of their petitions for review. Id.

Plaintiffs' brief argues that the Fifth Circuit does not have jurisdiction to review its petition challenging to the Phase III Rule pursuant to Section 509 of the Clean Water Act, 33 U.S.C. § 1369(b)(1)(E),[6] because this provision does not convey jurisdiction to review the failure

---

[6] As set forth in EPA's Motion to Dismiss, under Section 509 of the CWA, the Court of Appeals has exclusive jurisdiction to review "the Administrator's action . . . in approving or promulgating any effluent limitation or other limitation" under Sections 301, 302, 306, or 405 of

- 4 -

to promulgate a "limitation." See Sec. Waszmer Decl., at Ex. E (Brief of the Environmental Petitioners, dated March 30, 2007), at 25-36. Plaintiffs' brief also challenges the merits of EPA's final action with regard to existing facilities, arguing inter alia, that EPA's determination to establish requirements for existing facilities on a case-by-case basis and its utilization of cost-benefit considerations in issuing the Phase III Rule violate Section 316(b) of the Clean Water Act and the Administrative Procedure Act. Id. at 37-64.

EPA filed its responsive brief in the Fifth Circuit on July 16, 2007. See Sec. Waszmer Decl., at Ex. F (Respondents' Brief, dated July 13, 2007). EPA's brief responds to Plaintiffs' jurisdictional arguments, and as argued in the current action, asserts that the Fifth Circuit has exclusive jurisdiction to review a challenge to the Phase III Rule under Section 509 of the Clean Water Act. Id. at 34-41. EPA further argues, inter alia, that Section 316(b) of the Clean Water Act authorizes EPA to set requirements for existing facilities on a case-by-case basis, and that its cost-benefit considerations were permissible under the statute. Id. at 46-54, 55-84. EPA's brief also responds to arguments regarding the merits of the Phase III Rule as it relates to new offshore oil and gas extraction facilities, which were asserted by ConocoPhillips, a petitioner that is not a party to the current action. Id. at 93-125.

On October 5, 2007, EPA filed a supplemental brief in response to arguments raised by an amicus curiae. Plaintiffs' reply brief is due to be filed in the Fifth Circuit on October 24, 2007. See Sec. Waszmer Decl., at Ex. D. All briefing in the ConocoPhillips litigation is

---

the statute. See 33 U.S.C. § 1369(b)(1)(E).

scheduled to conclude by the end of November 2007.[7]

### III. The Current Action

#### A. Plaintiffs' Notice of Intent to Sue EPA Concerning the Phase III Rule

By letter dated August 10, 2006, three days after the Judicial Panel on Multi-District Litigation ordered the consolidation of Riverkeeper Petition for Review in the Fifth Circuit, Plaintiffs served EPA with a notice of intent to sue ("NOI") in federal district court under the citizen suit provision of the Clean Water Act.[8] See 33 U.S.C. § 505(a)(2). Plaintiffs' NOI (a copy of which was attached to the initial complaint filed in this case), alleged that EPA had failed to promulgate national categorical standards for CWISs at existing Phase III facilities, in violation of Section 316(b) of the Clean Water Act. The current action challenging the Phase III Rule was filed in the Southern District of New York on November 7, 2006, four months after the filing of the Riverkeeper Petition for Review.

#### B. Allegations of the Amended Complaint

Plaintiffs' Amended Complaint, filed on January 19, 2007, challenges the Phase III Rule pursuant to the citizen suit provision of the CWA, Section 505(a)(2), 33 U.S.C. § 1365(a)(2), and under the APA, 5 U.S.C. § 706(2)(A), (2)(C). See Amend. Compl., at ¶¶ 1-2.

---

[7] Although reply briefs are due on October 24, 2007, the parties will then file a "Deferred Appendix" comprised of excerpts of the portions of the record for review cited by the parties in their briefs. See Fed. R. App. P. 30(c)(1); 5th Cir. Rule 30.2. After the Deferred Appendix is filed, the parties will file "final form" briefs that include citations to the pages of the Deferred Appendix. Fed. R. App. P. 30(c)(2). This will conclude briefing in the case.

[8] An NOI is a prerequisite to filing a citizen suit under Section 505 of the Clean Water Act based on a purported failure of the agency to perform a non-discretionary duty. See 33 U.S.C. § 1365(b).

C.  EPA's Motion to Dismiss and the Court's September 21 and 29, 2007 Orders

By motion dated February 7, 2007, EPA moved to dismiss the Amended Complaint on the ground that, pursuant to Section 509 of the Clean Water Act, only a federal Court of Appeals has subject matter jurisdiction to review a challenge to the Phase III Rule. EPA also argued that even if this Court found that Section 509 does not vest exclusive jurisdiction in a Court of Appeals to review Plaintiffs' claims, Plaintiffs could not proceed with their citizen suit in district court pursuant to Section 505 of the Clean Water Act because EPA has no non-discretionary duty to promulgate national categorical regulations under Section 316(b) of the statute.

By Order dated September 21, 2007, the Court denied EPA's motion, finding that the Amended Complaint "does not present an issue under section 509(b)(1)(E)" because Plaintiffs challenge "not a 'limitation' but the absence of a 'limitation.'" September 21 Order, at 3. The Court also noted that although Plaintiffs had filed a petition for review that was transferred to the Fifth Circuit, there was "no indication that proceedings in the Fifth Circuit have advanced beyond an application to transfer venue to the Second Circuit, and plaintiffs have expressed an intention to seek a stay of their petition." Id.

With regard to the Section 505 citizen suit claim, the Court found that Plaintiffs had presented allegations regarding EPA's purported failure to discharge a non-discretionary duty that were "not 'immaterial,' 'insubstantial,' or 'frivolous,'" and had therefore met their burden to proceed on their claims in district court. Id. at 5.

By subsequent Order, dated September 28, 2007, which amended the September 21 Order, the Court concluded that the question of its jurisdiction presented a "pure 'question of law'" as to which there is a "substantial ground for difference of opinion." Id. at 2. The Court

also found that this "question of law" was a "controlling" one. Id. The Court therefore sua sponte certified the question of its jurisdiction to the Second Circuit pursuant to 28 U.S.C. § 1292(b). The Court noted that a "strong additional reason to certify the question" was that Plaintiffs had pending petitions in the Fifth Circuit "seeking review of the very same agency action on the basis that EPA's action was a 'limitation' and within the exclusive jurisdiction of the courts of appeals," and had sought a transfer of the petitions back to the Second Circuit. Id. at 3. The Court therefore found that certification "may provide a vehicle for the Court of Appeals to address the issue at one time." Id. As set forth above, see pages 3-4 supra, by Order dated March 22, 2007, the Fifth Circuit denied Plaintiffs' motion for a transfer of the petitions for review to the Second Circuit.

## ARGUMENT

### FURTHER PROCEEDINGS SHOULD BE STAYED PENDING THE ISSUANCE OF A DECISION BY THE COURT OF APPEALS FOR THE FIFTH CIRCUIT IN CONOCOPHILLIPS, ET AL. V. EPA, No. 06-60662 (L)

The Supreme Court has recognized that "the power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket." Landis v. North American Co., 299 U.S. 248, 254 (1936). Courts generally consider several factors in evaluating the appropriateness of a stay, including the competing interests of the parties, the interests of the courts, the interests of persons who are not parties to the litigation, and the public interest. See Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); see also SST Global Technology, LLC v. Chapman, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003).

Based on an evaluation of the Kappel factors, this Court should grant a stay of proceedings in this case pending the issuance of a decision by the Fifth Circuit in

ConocoPhillips. As set forth below, the Fifth Circuit petitions for review were the "first-filed" actions, and under Second Circuit authority, should therefore be given priority. Moreover, this action should be stayed because the Fifth Circuit proceedings will resolve an issue of law bearing on Plaintiffs' claims in this case that this Court has determined to be "controlling." Finally, Plaintiffs will not be prejudiced by a stay of the current action, which will allow litigation regarding petitions they first filed to proceed in the Fifth Circuit.

I. The ConocoPhillips Petitions Were the "First-Filed" Actions and Should Be Given Priority

Further proceedings in this case should be stayed because the ConocoPhillips petitions were the first-filed actions and should be given priority. When competing cases are filed in two federal courts, "the general principle is to avoid duplicative litigation." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976). Accordingly, courts in the Second Circuit have followed the "first filed rule" in determining whether a case should be stayed in favor of a case pending another federal court. See Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784, 790 (2d Cir. 1986); William Gluckin & Co. v. International Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969); Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 423 (2d Cir. 1965); Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001); Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund, 677 F. Supp. 220, 222 (S.D.N.Y. 1998). "[T]he first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." William Gluckin, 407 F.2d at 178 (internal citations omitted); see also Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784, 790 (2d Cir. 1986). The application of this rule "promotes judicial economy and comprehensive disposition

of litigation," and also protects parties "from the considerable expense and vexation of duplicative litigation." Regions Bank, 170 F. Supp. 2d at 436.

Under the Second Circuit's "first-filed rule," in the interest of judicial economy, the current action should be stayed pending a decision in the ConocoPhillips litigation by the Fifth Circuit. The Riverkeeper Petition for Review, filed on June 30, 2006, and the petitions of other Plaintiffs in this case, all of which were consolidated in the Fifth Circuit in August 2006, were filed more than four months prior to the commencement of the current action on November 7, 2006. Indeed, Plaintiffs instituted this action only <u>after</u> the Judicial Panel on Multi-District Litigation ordered that petitions for review of the Phase III Rule be consolidated in the Fifth Circuit, resulting in the transfer of the Riverkeeper Petition for Review from the Second Circuit to the Fifth Circuit. The ConocoPhillips petitions raise a challenge to the very same final agency action at issue in this case.

A stay of the current action will avoid unnecessary and plainly duplicative briefing. The parties have already filed voluminous briefs that address the Fifth Circuit's jurisdiction to review a challenge to the Phase III Rule under Section 509, as well as the merits of the Phase III Rule as it applies to both new and existing Phase III facilities. See pages 4-5 supra. In addition, EPA has already filed a 167-page index to an administrative record in the ConocoPhillips litigation, which refers to tens of thousands of pages of documents.

Moreover, the scope of the briefing in the ConocoPhillips litigation extends beyond the claims raised in this case, as ConocoPhillips, which is not a party this case, has raised arguments regarding the merits of the Phase III Rule as it relates to new offshore oil and gas extraction facilities. Accordingly, because the new facilities aspect of the Phase III Rule is not the subject

of Plaintiffs' claims before this Court, further proceedings in this case would not only be a waste of judicial resources and burdensome to EPA, but would also result in piecemeal litigation regarding different aspects of the Phase III Rule. Such piecemeal litigation over the same agency action is contrary to 28 U.S.C. § 2112(a), which requires that multiple challenges to the same agency action in the courts of appeals be consolidated in a single, randomly selected court of appeals. Pursuant to 28 U.S.C. § 2112(a)(3), the Fifth Circuit was randomly selected to hear challenges to the Phase III Rule. For these reasons, the application of the "first-filed rule" to stay further proceedings in this case would promote judicial economy and avoid duplicative litigation, as well as the possibility of piecemeal litigation that could result in conflicting results.

II.     **The Fifth Circuit Proceedings Will Settle a Controlling Issue of Law Bearing on the Current Action**

The Court should also stay further proceedings because the Fifth Circuit's decision in ConocoPhillips will settle a controlling issue of law – whether a federal Court of Appeals has exclusive jurisdiction to review Plaintiffs' challenge to the Phase III Rule – which may resolve the current action in its entirety.

Courts in this Circuit have held that a stay of proceedings is also appropriate "when a higher court is close to settling an important issue of law bearing on the action.'" In re Literary Works in Electronic Databases Copyright Litig. Authors Guild, Inc. v. Dialog Corp., 00 Civ. 6049 (GBD), 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (citing Marshel v. AFW Fabric Corp., 552 F.2d 471, 472 (2d Cir. 1977)); see also Wing Sing Prods. Ltd. v. Simatelex Manufactory Co., Ltd., 01 Civ. 1044 (RJH) (HBP), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (staying patent infringement action where several issues pending before the Federal Circuit were "potentially outcome determinative" in the district court case); Goldstein v. Time Warner

New York City Cable Group, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998) (staying challenge to FCC regulation pending a decision by the D.C. Circuit regarding the validity of the regulation). Indeed, "a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court." Literary Works, 2001 WL 204212, at *2; Goldstein, 3 F. Supp. 2d at 438.

Further proceedings in this action should be stayed pending the Fifth Circuit's ruling regarding whether Section 509 of the Clean Water Act vests exclusive jurisdiction to review a challenge to the Phase III Rule in a federal Court of Appeals. The issue of the Fifth Circuit's jurisdiction pursuant to Section 509 has been raised and is being briefed before that court, and therefore, its decision regarding the pending petitions for review will resolve this important legal question. As this Court determined in its September 28, 2007 Order, this jurisdictional question is a "controlling" issue, which "would resolve the case in the district court." September 28 Order, at 2, 3. This Court stated: "If a court of appeals has jurisdiction, then I do not." Id.

If the Fifth Circuit determines that it has exclusive jurisdiction to review the Phase III Rule pursuant to Section 509 of the Clean Water Act, the current litigation will be resolved. In that event, Plaintiffs' challenge to the Phase III Rule in district court would be barred, as appellate jurisdiction under Section 509 is exclusive. In addition, the availability of review under Section 509 would preclude review under the APA. See 5 U.S.C. § 704 (agency action reviewable under the APA only where "there is no other adequate remedy in a court."). Therefore, in the event the Fifth Circuit decides the issue in EPA's favor, Plaintiffs will be barred from seeking review of the Phase III Rule in this Court.

While Plaintiffs will likely argue that the Second Circuit should decide the jurisdictional question based on this Court's certification of the issue, EPA respectfully submits that, as a result

of the random selection provisions of 28 U.S.C. § 2112(a), the Fifth Circuit was the federal Court of Appeals chosen to review challenges to the Phase III Rule. Plaintiffs should not be permitted to circumvent this process. Plaintiffs instituted this action only after the Judicial Panel on Multi-District Litigation ordered that petitions challenging the Phase III Rule (including the Riverkeeper Petition for Review filed in the Second Circuit) be consolidated in the Fifth Circuit. Plaintiffs already requested a transfer of the petitions for review to the Second Circuit. The Fifth Circuit denied that prior request. The Fifth Circuit should be permitted to determine the scope of its jurisdiction to review EPA's final action before litigation on the same issue proceeds in another Circuit. In any event, there is no pending matter before the Second Circuit.

Accordingly, as a decision in the Fifth Circuit litigation will settle a controlling issue of law in this case, this Court should stay further proceedings in the current action.

III.   Plaintiffs Will Not Be Prejudiced By a Stay of Proceedings

A stay of further proceedings in this case will not result in any prejudice to the Plaintiffs. Indeed, Plaintiffs will save the burden and cost of litigating the very same issues that are already being briefed in the Fifth Circuit, where the index to the EPA's administrative record has already been filed and litigation has advanced substantially. In the event that the Fifth Circuit agrees with Plaintiffs that it lacks jurisdiction to review the petitions Plaintiffs filed, Plaintiffs may seek to proceed with the current action in district court, subject to any jurisdictional or other defenses EPA may raise in light of an adverse Fifth Circuit decision. EPA merely seeks to avoid the simultaneous litigation of the very same issues in a federal Court of Appeals and a district court. Indeed, Plaintiffs also appear to agree that the "simultaneous review of the merits by two different courts" is undesirable. See Sec. Waszmer Decl., Ex. G (Letter from Reed Super, Esq., to the Court, dated October 2, 2007). Accordingly, a stay in this case will not deprive Plaintiffs

of the ability to fully present their arguments to a federal court. The fact that the Fifth Circuit, rather than the Second Circuit, was selected as the appropriate forum under 28 U.S.C. § 2112(a), is not an appropriate basis for denying a stay of proceedings here.

## CONCLUSION

For the reasons set forth above, the Court should stay any further proceedings in this action pending a decision from the Court of Appeals for the Fifth Circuit regarding the petitions for review in ConocoPhillips, et al. v. EPA, No. 06-60662 (L).

Dated: New York, New York
October 10, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717