**MEMO ENDORSED**



ENVIRONMENTAL LAW CLINIC
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
COLUMBIA UNIVERSITY SCHOOL OF LAW
435 WEST 116TH STREET • NEW YORK, NY 10027

TEL: 212-854-4376
ELLOYD@LAW.COLUMBIA.EDU
FAX: 212-854-3554

November 8, 2007

**VIA FEDERAL EXPRESS**

RECEIVED NOV 09 2007 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

Re: *Riverkeeper, Inc., et al. v. EPA*, 06 Civ. 12987 (PKC)

Dear Judge Castel:

I am the lead counsel for the Plaintiffs in the above-referenced matter, and write to request an opportunity to respond to the document entitled "Intervenor's Reply Memorandum in Support of Defendants' Motion to Dismiss [*sic*]" filed by intervenor Cooling Water Intake Structure Coalition on October 31, 2007 ("CWISC Memo"). For the Court's convenience, Plaintiffs will respond to the CWISC Memo by way of this letter, and respectfully request that this letter be docketed and included as part of the record in this case. However, if the Court prefers, Plaintiffs will file a supplemental memorandum through ECF, provide copies of all of the documents quoted herein, and/or follow any other procedure the Court specifies.

Although styled as a "reply" in support of defendant U.S. Environmental Protection Agency ("EPA")'s motion for a stay of proceedings, the CWISC Memo does not respond to Plaintiffs' opposition memorandum (which was also filed on October 31, 2007), but rather supplements EPA's memorandum in support of its motion. In my October 15, 2007 letter to this Court, I stated that Plaintiffs had no objection to granting CWISC an extension to file a response to the motion to stay but noted that, since CWISC had requested the same response date as Plaintiffs, "if CWISC's response raises any new arguments in favor of a stay ... plaintiffs will not have had any opportunity to respond to such arguments, and, in such event, plaintiffs may ask this Court for an opportunity to respond." Because CWISC has, indeed, raised new arguments – impugning Plaintiffs' veracity and motives – Plaintiffs hereby respectfully request an opportunity to respond.

In its October 31 memorandum, CWISC makes two related claims regarding Plaintiffs (to whom it collectively refers as "Riverkeeper"): that "it was only after [Riverkeeper] failed in its subsequent attempt to have the consolidated cases transferred to its preferred venue, the Second Circuit, that Riverkeeper asserted its claim that the courts of appeals lack jurisdiction;" and that "Riverkeeper ... asked the Fifth Circuit to transfer its petitions for review to the Second Circuit, without suggesting that neither the

*[Handwritten endorsement on right side:]* This letter will be Number 8 docketed. SO ORDERED. [signature] USDJ 11-9-07

The Honorable P. Kevin Castel
November 8, 2007
Page 2 of 3

Fifth Circuit nor the Second Circuit had jurisdiction over the claims being asserted in those petitions for review." CWISC Memo at 1-2. While these claims are not relevant either to the issue of whether jurisdiction lies in this Court or to the issue of whether this Court should stay its proceedings, Plaintiffs cannot allow this mischaracterization of the record to stand. The fact of the matter is that Plaintiffs informed the Fifth Circuit, this Court, and the other parties of its position on jurisdiction early – and on multiple occasions – well before the motion to transfer the circuit court case was denied.

On October 26, 2006, prior to filing the instant action in this Court, Plaintiffs informed the Fifth Circuit that they had "given EPA notice of their intent to sue EPA in a United States District Court under section 505(a)(2) of the federal Clean Water Act ... to compel EPA to perform the nondiscretionary duty of promulgating national categorical best technology available (BTA) standards for cooling water intake structures at existing Phase III facilities," and noted that "[s]uch dual-filing is common practice where there may be a dispute between the adverse parties as to jurisdiction." Petition for Review of Soundkeeper, Inc., *et al.*, No. 06-61033, Oct. 26, 2006, at ¶ 5.

Thereafter, on November 14, 2006, one week after they filed the instant action, Plaintiffs wrote to all of the other parties in this case and the Fifth Circuit case, advising them of Plaintiffs' belief that "the district court has jurisdiction to review EPA's decision not to promulgate BTA regulations for existing Phase III facilities and to compel EPA to perform the nondiscretionary duty of promulgating regulations," and also noting their belief that, "assuming *arguendo* that the circuit courts have original jurisdiction ... venue lies in the Second Circuit under 28 U.S.C. § 2112(a)." Letter from Reed Super to All Counsel of Record, Nov. 14, 2006, at 2.

Thereafter, on December 21, 2006, Plaintiffs filed with the Fifth Circuit their motion to transfer the circuit court case to the Second Circuit. In this motion, they noted that "there is an unresolved question as to whether jurisdiction to hear Environmental Petitioners' Phase III challenge lies in the circuit courts under section 509(b)(1) or in the district courts under CWA section 505(a)(2)," and again notified the circuit court that they "are also pursuing an action in the U.S. District Court for the Southern District of New York." Environmental Petitioners' Motion to Transfer, Dec. 21, 2006, at 9 n.10; *see also id.* at 7 n.9.

Three weeks later, in the January 12, 2007 joint status conference letter to this Court, Plaintiffs stated their position that "CWA section 505(a)(2) vests this Court with jurisdiction" over their claim that EPA must regulate Phase III facilities, and noted that they had "protected their rights by also filing petitions in the circuit courts." Joint Status Conf. Letter, Jan. 12, 2007, at 4 & 6 n.6.

Subsequently, as part of their February 6, 2007 opposition to the motion to transfer the circuit court case, CWISC and the other industry petitioners and intervenors in that case provided a copy of that January 12 joint status conference letter to the Fifth

The Honorable P. Kevin Castel
November 8, 2007
Page 3 of 3

Circuit. *See* ConocoPhillips, Anadarko, American Petroleum Institute, and Cooling Water Intake Structure Coalition Joint Response to Motion of Riverkeeper, Inc., *et al.*, to Transfer Consolidated Petitions for Review to Second Circuit Pursuant to 28 U.S.C. § 2112(a), Feb. 6, 2007, at 5 & Ex. G.

Finally, on February 15, 2007, Plaintiffs filed with the Fifth Circuit their reply brief in support of their motion to transfer the circuit court case. In response to representations made in the industry opposition brief, and to ensure the Fifth Circuit that they had informed all concerned about the existence of the instant case and of their belief that jurisdiction rests with this Court, Plaintiffs submitted with their reply brief a copy of their November 14, 2006 letter to all parties (quoted above). Reply of Riverkeeper, Inc., *et al.*, to Opposition of Respondent EPA and Industry Parties to Motion to Transfer Consolidated Petitions for Review to Second Circuit Pursuant to 28 U.S.C. § 2112(a), February 15, 2007, at 16 n.17; Supplemental Declaration of Reed W. Super in Support of Motion to Transfer, ¶ 7, Exh. F.

All of these submittals came before the motion to transfer was denied by the Fifth Circuit on March 22, 2007. Thus, CWISC is plainly wrong in representing to this Court that Plaintiffs raised jurisdictional concerns only *after* their motion to transfer the circuit court case to the Second Circuit was denied. Further, CWISC is wrong in representing that Plaintiffs failed to raise the jurisdictional issue in *filing* the transfer motion: as the record reflects, Plaintiffs not only raised the issue in the motion itself, but notified the Fifth Circuit of the potential jurisdictional dispute almost two months *before* they filed that motion.

Thank you for your consideration of these matters.

Respectfully submitted,

Reed Super
Counsel for Plaintiffs

cc (via Fed Ex):
    Wendy H. Waszmer, Assistant US Attorney, Counsel for Defendants
    Russell S. Frye, Counsel for Intervenor