UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                                                   :

RIVERKEEPER, INC., et al.,                :
                                                                                    :      ECF CASE
                         Plaintiffs,         :

                                              :
                          v.                            :      06 Civ. 12987 (PKC)
                                              :

UNITED STATES ENVIRONMENTAL  :
PROTECTION AGENCY, et al.,          :
                                              :
                         Defendants.       :
                                              :
------------------------------------------------------------ x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR A STAY OF PROCEEDINGS**


                                                                           MICHAEL J. GARCIA
                                                                          United States Attorney for the
                                                                          Southern District of New York
                                                                          Attorney for Defendants
                                                                          86 Chambers Street
                                                                          New York, NY 10007
                                                                          Tel.: (212) 637-2729
                                                                          Fax: (212) 637-2717

WENDY H. WASZMER
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     THE "FIRST-FILED" RULE SHOULD BE APPLIED TO
          STAY FURTHER PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          A.     The Clean Water Act's Exclusive Jurisdictional Provisions
                Do Not Bar the Application of the "First-Filed" Rule . . . . . . . . . . . . . . . 2

          B.     Plaintiffs Have Presented No "Special Circumstances"
                Warranting a Deviation From the "First-Filed" Rule  . . . . . . . . . . . . . . . 4

    II.    A BALANCING OF <u>KAPPEL</u> FACTORS ALSO SUPPORTS
          A STAY OF FURTHER PROCEEDINGS IN THIS ACTION . . . . . . . . . . . . . . . 6

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator of the United States Environmental Protection Agency (collectively, "EPA"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion for a stay of proceedings pending the issuance of a decision by the Court of Appeals for the Fifth Circuit regarding the petitions for review pending in ConocoPhillips, et al., v. EPA, 06-60662 (L) (5th Cir.).

A stay of proceedings in this Court is critical to an orderly and efficient resolution of Plaintiffs' multiple challenges to EPA's Phase III Rule. A stay in this case would serve the interests of judicial economy by avoiding simultaneous litigation of the same claims before this Court and the Fifth Circuit, which is both burdensome and unnecessary. Moreover, a stay in this case would reduce the risk that inconsistent judicial rulings will be issued regarding the legality of EPA's rulemaking. Such inconsistent rulings are not in the interest of the parties or the public.

## ARGUMENT

### I. THE "FIRST-FILED" RULE SHOULD BE APPLIED TO STAY FURTHER PROCEEDINGS

As set forth in EPA's moving brief, this Court should stay further proceedings in the current action under the Second Circuit's "first-filed" rule, which provides that "[w]here there are two competing lawsuits, the first suit should have priority," absent a showing of special circumstances giving priority to the second. See, e.g., First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989); William Gluckin & Co. v. International Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969); Kellen Company, Inc., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999); 800-Flowers, Inc., 860 F. Supp. 128, 131 (S.D.N.Y. 1994). Plaintiffs' arguments in opposition to EPA's motion do not provide a sufficient basis to disregard the "strong presumption in favor of the

forum of the first-filed suit." Id. Accordingly, the Court should apply the "first-filed" rule and grant EPA's motion to stay this action.

    A.    The Clean Water Act's Exclusive Jurisdictional Provisions Do Not Bar the Application of the "First-Filed" Rule

Plaintiffs err in their argument that "there is no 'first-filed' rule where jurisdiction is exclusive," Pl. Opp., at 3, because the key inquiry under this rule is whether there are multiple federal court actions pending concurrently, and not whether such actions are properly brought in multiple fora as a jurisdictional matter. See, e.g., Citigroup Inc., v. City Holding Co., 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000) ("It is a 'well-settled principle' in this circuit that where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of two takes priority[.]") (citing First City Nat'l Bank & Trust Co., 878 F.2d at 79); Kellen Co., 54 F. Supp. 2d at 221 ("The Second Circuit has long adhered to the first-filed doctrine . . . where there are competing litigations."). As this rule seeks to "advance judicial economy" and "avoid duplicative litigation," the critical focus is whether there are competing cases that will proceed simultaneously, id., which Plaintiffs do not dispute may occur here if a stay is not granted by this Court or the Fifth Circuit. See Pl. Opp., at 12.

Although Plaintiffs argue that "[t]he rule has no application…to situations, such as the case at bar, in which one case has been assigned exclusive jurisdiction by statute," Pl. Opp., at 3, the primary case cited in their opposition brief, Petition of Home Ins. Co., 908 F. Supp. 180 (S.D.N.Y. 1995), hardly supports the categorical bar Plaintiffs would have the Court adopt. In that case, the district court declined to apply the "first-filed" rule where a Wisconsin district court had already ruled that relief sought in the Southern District of New York could not be sought in Wisconsin, and the two cases raised different issues. Id. at 181-83. Indeed, the Wisconsin court had already stayed

2

its proceedings. Id. Accordingly, there were no concurrently pending actions with the same parties and issues in Petition of Home Ins. Co.

Plaintiffs' argument regarding the Clean Water Act's jurisdictional provisions is especially unwarranted under circumstances where Plaintiffs' own dual filing in both a Court of Appeals and a district court has created the concurrently pending litigation, and has therefore raised the risk of inconsistent decisions regarding the same agency determination. See Pl. Opp., at 5 n.6 (discussing "commonplace" dual-filing in "situations of jurisdictional ambiguity"). Thus, contrary to Plaintiffs' assertions that the current litigation "contrasts markedly with the typical first-filed scenario," Pl. Opp., at 5, these circumstances are precisely what the "first-filed" rule aims to avoid. See Kidd v. Andrews, 340 F.Supp. 2d 333, 336 (W.D.N.Y. 2004) ("There is no sound reason why defendants should have to defend against the same claims, by the same plaintiff, in two courts, nor is there any good reason why two courts should adjudicate those claims.").

Moreover, this Court should reject Plaintiffs' contention that the application of the "first-filed" rule is inappropriate because jurisdiction in the Fifth Circuit is "doubtful," Pl. Opp., at 6, and they may therefore be denied the ability to seek review of EPA's final action in any forum. As an initial matter, EPA's motion merely seeks a stay of proceedings, and not dismissal of Plaintiffs' action under the "first-filed" rule. Accordingly, if the Fifth Circuit were to dismiss Plaintiffs' petitions for review, Plaintiffs would merely proceed with their claims before this Court, subject to EPA's arguments and defenses in this matter.

In First City Nat'l Bank & Trust Co., a seminal case applying the "first-filed" rule, the Second Circuit rejected the very argument Plaintiffs assert here. 878 F.2d at 79. In that case, the court affirmed the district court's dismissal of a second action pending in the Southern District of New York in light of a prior filed action in Oklahoma. Id. The Court rejected the plaintiff's

3

argument that, due to a question of personal jurisdiction in the first-filed case in Oklahoma, "the controversy will not necessarily be decided in either jurisdiction" and the second-filed New York case should therefore not be dismissed. Id. The Court found that plaintiff's mere "speculation" that it might be denied relief was not sufficient to "outweigh[] other legitimate concerns underlying the first to file rule." Id. at 80; see also Marshak v. Reed, 96 Civ. 2292 (MLO), 2000 WL 33152076, at *3 (E.D.N.Y. Oct. 17, 2000) (same).[1] Plaintiffs' argument in this case is similarly circular, as it presupposes that the Fifth Circuit will determine that it does not have exclusive jurisdiction to consider Plaintiffs' petitions for review. Indeed, Plaintiffs themselves express uncertainty about which court should properly review their claims. See Pl. Opp., at 4-5. Plaintiffs thus err in arguing that this Court cannot apply the "first-filed" rule to stay further proceedings in the Southern District of New York pending a decision by the Fifth Circuit regarding the consolidated petitions for review.

    B.    Plaintiffs Have Presented No "Special Circumstances" Warranting a Deviation From the "First-Filed" Rule

The "first-filed" rule should be applied to stay the current action because Plaintiffs have not met their burden of demonstrating the existence of "special circumstances" warranting a deviation

---

[1] Plaintiffs' opposition brief cites three cases in support of their proposition that "it is proper for second-filed courts to proceed with a case when the jurisdiction of the first-filed court is more doubtful." Pl. Opp., at 6 (citing Raytheon Co. v. National Union Fire Ins. Co., 306 F. Supp. 2d 346 (S.D.N.Y. 2004); Ursa Minor Ltd. v. Aon Fin. Prods., Inc., 00 Civ. 2474 (AGS), 2000 WL 1010278 (S.D.N.Y. July 21, 2000), and Columbia Pictures Indus. v. Schneider, 435 F. Supp. 742 (S.D.N.Y. 1977)). These cases are inconsistent with the Second Circuit's holding in First City Nat'l Bank & Trust Co., and are also distinguishable from the current action. In all three cases, a significant factor in allowing the second case to proceed was that the first-filed action was filed only days prior to the second. See Raytheon, 306 F. Supp. 2d at 354 (first action filed two days after second action); Ursa Minor Ltd., 2000 WL 1010278, at 11 (first action filed nine days after second action); Columbia Pictures Indus., 435 F. Supp. at 746 (first action filed six days after second action). In contrast, there is a strong presumption that the first-filed action here should proceed due to the four-month lapse between the filing of the Riverkeeper Petition and the complaint in this case. See GT Plus, Ltd. v. Ja-Ru, Inc., 41 F. Supp. 2d 421, 426 (S.D.N.Y. 1998) ("six-week time-span is more than negligible, and weighs in favor of applying the first-filed rule."); see also Moving Br., at 3-6.

from the presumption that the Fifth Circuit proceedings should proceed before the current action. See GT Plus, Ltd. v. Ja-Ru, Inc., 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) ("[T]he party asserting exceptions to the first-filed rule bears the burden to show that equitable considerations recommend the later action."); 800-Flowers, Inc., 860 F. Supp. at 132 ("first-filed" rule "should not be disregarded lightly") (citing Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991)).

The Second Circuit has recognized several specific circumstances that may warrant granting priority to a second-filed suit. Those "special circumstances" are where (1) "forum-shopping alone motivated the choice of situs for the first suit," William Gluckin, 407 F.2d at 178, or (2) the first-filed suit was an action seeking declaratory judgment commenced under a direct threat of litigation, Fort Howard Paper Co. v. William D. Witter, 787 F.2d 784, 790 (2d Cir. 1986). Neither of these special circumstances is advanced by Plaintiffs here.

Indeed, as both actions currently pending were filed by the same Plaintiffs, this case presents circumstances under which <u>no</u> exception to the "first-filed" rule should be recognized. As the Second Circuit held in Semmes Motors, Inc., v. Ford Motor Co., 429 F.2d 1197 (2d Cir. 1970), where the plaintiffs are the same in both actions, to allow the second action to proceed first "would entail the danger that plaintiffs may engage in forum shopping or judge shopping. When they see a storm brewing in the first court, they may try to weigh anchor and set sail for the more favorable waters of another district." Id. at 1203; see also Cole v. Edwards, 03 Civ. 5214 (PCK) (FCF), 2004 WL 1874970, at *3 (S.D.N.Y. Aug. 13, 2004); Kellen Co., 54 F. Supp. 2d at 221. In Semmes Motors, Inc., the Second Circuit found that the district court "went beyond the allowable bounds of discretion when it refused to grant [the defendant's] motion for a stay" of plaintiff's New York action. 429 F.2d at 1203-04. The Court concluded that a stay of the second action was warranted because of its concerns regarding forum-shopping, even where the plaintiff was willing to stipulate to discontinue the first action, but the defendant refused to consent. Id. at 1202.

As Plaintiffs have advanced no "special circumstances" justifying a deviation from the "first-filed" rule, and in light of the heightened risk of forum-shopping with cases brought by the same plaintiffs, this Court should apply the "first-filed" rule to stay proceedings in this action.

## II.    A BALANCING OF KAPPEL FACTORS ALSO SUPPORTS A STAY OF FURTHER PROCEEDINGS IN THIS ACTION

A stay of further proceedings in this action is also warranted based on an evaluation of the factors set forth in Kappel v. Comfort, which include the interest of plaintiffs in proceeding expeditiously, and the interests of defendants, the courts, and the public if a stay is not granted. 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Plaintiffs' arguments to the contrary are unavailing.

Plaintiffs' primary argument in opposition to a stay of proceedings under the Kappel analysis is that they "wish to proceed expeditiously with this litigation," and that a stay "will not result in a speedy resolution." Pl. Opp., at 9. This is not, however, a case in which EPA seeks a stay to frustrate or delay Plaintiffs' efforts to seek review of EPA's final agency action in any forum. To the contrary, EPA seeks a stay of proceedings in this Court precisely because the Fifth Circuit proceedings are more advanced and could potentially be resolved more quickly than these proceedings. Thus, a "speedy resolution" of the legality of the Phase III Rule is possible if the Fifth Circuit is permitted to proceed in its adjudication of the consolidated petitions for review pending there. Consistent with this position, EPA has argued in its brief in the ConocoPhillips litigation that the Fifth Circuit has jurisdiction to review the Phase III Rule in its entirety. Accordingly, Plaintiffs' expressed interest in proceeding with their claims before this Court cannot outweigh the interests of judicial economy, the interests of other parties to these parallel litigations, as well as the public, all of which favor a stay of proceedings before this Court.

In this case, "the whole of the war and all the parties to it," are before the Fifth Circuit. See Kerotest Mfg., Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952) (citing and affirming

6

Third Circuit's decision staying second-filed action). As set forth in EPA's moving brief, petitions that were initially filed in four separate circuits are pending before the Fifth Circuit in the ConocoPhillips litigation. The parties to that litigation include all of the parties to the current action, as well as ConocoPhillips, a petitioner that is not a party here, and an amicus that has not appeared in this action. Moreover, the petitions pending before the Fifth Circuit challenge the entire Phase III Rule, whereas the Amended Complaint in this case only challenges the portion of the Rule that addresses existing facilities. See J. Lyons & Co, Ltd. v. Republic of Tea, 892 F. Supp. 486, 493 (S.D.N.Y. 1995) (dismissing second-filed action and declining plaintiff's proposal to bifurcate litigation of issues). As the Third Circuit asked in Kerotest, "Why under the circumstances, should there be two litigations where one will suffice? We can find no adequate reason." 342 U.S. at 183 (citing Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 189 F.2d 31, 34 (3d Cir. 1951)).

Contrary to Plaintiffs' contention that the Fifth Circuit proceedings should be stayed, Pl. Opp., at 10-12, a stay of proceedings in this Court is critical to an orderly and efficient resolution of Plaintiffs' multiple challenges to the Phase III Rule. Indeed, as set forth in EPA's moving brief, the Judicial Panel on Multi-District Litigation's referral of all of the related petitions for review to the Fifth Circuit, pursuant to 28 U.S.C. § 2112, served to promote an efficient and orderly adjudication of all challenges to the Phase III Rule. Plaintiffs therefore err in their contention that the consolidation of the petitions for review pursuant to the random selection procedures set forth in 28 U.S.C. § 2112 has "no bearing on the propriety of this Court's proceeding with the case." Pl. Opp., at 6-8. The dual-filing and inter-Circuit practices of Plaintiffs in challenging EPA's agency action in multiple fora frustrate the purpose of this administrative mechanism and create an increased likelihood that judicial resources will be wasted and that EPA will be subject to inconsistent rulings as to the legality of its final agency action. For these reasons, the consolidation of the petitions and

the Fifth Circuit's refusal to transfer Riverkeeper's petition to the Second Circuit are indeed relevant to this Court's evaluation of the appropriateness of a stay. These actions evidence an effort to streamline litigation regarding the Phase III Rule.

A stay of proceedings before this Court will also serve this same goal of judicial efficiency with regard to challenges to the Phase III Rule by avoiding parallel litigation of the same issues. See Kellen Corp., 54 F. Supp. 2d at 222 ("[s]uch a wasteful use of this Court's resources is unwise and unnecessary"). Indeed, "[c]ourts already heavily burdened with litigation with which they must of necessity deal should...not be called upon to duplicate each other's work in cases involving the same issues and same parties." Semmes Motors, Inc., 429 F.2d at 1203.[2]

In the event that the Fifth Circuit determines in the ConocoPhillips litigation that it has jurisdiction to review the Phase III Rule, Plaintiffs' claims may be resolved or mooted, and further litigation before this Court may be unnecessary.[3] Furthermore, if the Fifth Circuit determines that

---

[2] Although Plaintiffs contend that EPA's arguments regarding judicial efficiency should not be given credence in light of the fact that EPA did not move for a stay at the outset of the case, Pl. Opp., at 11, Plaintiffs cannot, and do not, contest that it is a waste of judicial resources for two courts to pass upon the same parties' challenge to the same agency action. See Semmes Motors, Inc., 429 F.2d at 1203.

Plaintiffs devote part of their opposition brief to contesting whether this Court or the Fifth Circuit is more advanced in litigation. See Pl. Opp., at 9-11. EPA maintains that the parties are more advanced in their briefing before the Fifth Circuit. See Moving Br., at 5, 10. Indeed, the parties have filed more than 500 pages of briefing in the ConocoPhillips litigation. It is undisputed that both courts have already expended resources on these matters. This Court has invested its resources in deciding EPA's motion to dismiss, and the Fifth Circuit has adjudicated several procedural motions in the ConocoPhillips litigation, including Riverkeeper's motion to transfer, the motion of an amicus for leave to file a brief regarding the petitions for review, and motions regarding extensions of the Fifth Circuit's briefing schedule. However, even if the Court were to find that "the scales rest in equipoise" as to this or other factors, a stay of this second-filed action is nevertheless proper. See Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000); see also L. Lyons & Co. Ltd., 892 F. Supp. at 492-93 (dismissing second-filed action where some factors favored neither first nor second-filed action).

[3] Plaintiffs err in their assessment that "there are substantial grounds" for the Fifth Circuit to apply "law of the case" doctrine based on this Court's September 21, 2007 Order, and

8

it lacks jurisdiction and dismisses Plaintiffs' petitions for review, the current action can proceed, subject to the parties' claims and defenses. Even if the Fifth Circuit's ruling does not resolve Plaintiffs' claims in the current action, the parties will avoid simultaneous litigation of the same claims in two fora. In all events, Plaintiffs' challenge to the Phase III Rule will be heard by a federal court, either the Fifth Circuit or this Court, and Plaintiffs will therefore not be prejudiced if this Court grants a stay of proceedings here.

Moreover, allowing the Fifth Circuit litigation to proceed will negate the possibility of conflicting decisions regarding the lawfulness of the Phase III Rule. It is in the interest of all parties and the public for EPA not to be subject to inconsistent judicial rulings with regard to the legality of its agency action.

Finally, contrary to accusations lodged in Plaintiffs' opposition regarding EPA's litigation of the current action, see Pl. Opp., at 10, EPA's defense of the Phase III Rule in this Court and in the Fifth Circuit has been consistent throughout. As set forth in the Phase III Rule, EPA's motion to dismiss in this case, and its brief to the Fifth Circuit, the agency has interpreted the Clean Water Act to require that its rule be reviewed by a federal Court of Appeals. See 33 U.S.C. § 1369(b)(1)(E). Accordingly, to the extent that EPA believed this action was not properly brought in a district court (and EPA was already in litigation in a Court of Appeals), EPA determined that it should promptly

---

therefore decline to consider the issue of its own jurisdiction. See Pl. Opp. at 11. Although the "law of the case" doctrine can be applied to "different lawsuits between the same parties," In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991) (citing Schupak v. Califano, 454 F. Supp. 105, 114 n.17 (E.D.N.Y. 1978)), the "customary practice" is that it is only applied to bar relitigation of issues in the same lawsuit, and "binds only those courts which owe obedience to the court which established the legal ruling," Schupak, 454 F. Supp. at 114, n.17, neither of which is the case here. The ConocoPhillips litigation is not the same case and the Fifth Circuit does not "owe obedience" to this Court. In any event, the "law of the case" doctrine is "a discretionary rule of practice and generally does not limit a court's power to reconsider an issue." In re PCH Assocs., 949 F.2d at 592.

9

seek dismissal of this action. However, upon this Court's ruling denying the motion to dismiss, EPA sought to avoid simultaneous litigation regarding the merits of the same final agency action in two courts. Moreover, although Plaintiffs accuse EPA of engaging in an "unseemly" game of "inter-circuit 'chicken'" because EPA has not sought an interlocutory appeal in the Second Circuit, Pl. Opp., at 8, EPA's position is plainly proper. Having been subjected to litigation in two separate courts, EPA merely seeks to avoid litigation in a <u>third</u> court regarding the same agency action,[4] as such litigation is unnecessary at this time.

## CONCLUSION

For the reasons set forth above and in its moving brief, EPA respectfully requests that the Court stay further proceedings in this action pending a decision by the Fifth Circuit regarding the <u>ConocoPhillips</u> petitions.

Dated: New York, New York  
      November 15, 2007

Respectfully submitted,

MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York  
Attorney for Defendants

By: _/s/ Wendy H. Waszmer_  
WENDY H. WASZMER  
Assistant United States Attorney  
86 Chambers Street  
New York, New York 10007  
Tel.: (212) 637-2729  
Fax: (212) 637-2717

---

[4] If this Court denies EPA's request for a stay, EPA or intervenor CWIS Coalition may at that time seek an interlocutory appeal of this Court's September 21, 2001 Order in the Second Circuit. Litigation regarding the Phase III Rule would then be pending before three federal courts.