UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RIVERKEEPER, INC., et al.,
                           Plaintiffs,

    -against-

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
                           Defendants.
-----------------------------------------------------------x

06 Civ. 12987(PKC)

MEMORANDUM
AND ORDER
ON STAY APPLICATION

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/07

P. KEVIN CASTEL, District Judge:

        The defendant Environmental Protection Agency ("EPA") moves to stay this action pending a decision on petitions for review of certain final agency action. Prior to commencing this action, plaintiffs filed a petition for review of the final agency action in the United States Court of Appeals for the Second Circuit. The petition in the Second Circuit was transferred to the United States Court of Appeals for the Fifth Circuit under the random selection process conducted by the Judicial Panel for Multidistrict Litigation. 28 U.S.C. § 2112(a); Rule 17.1(a), Rules of the Judicial Panel on Multidistrict Litigation. After transfer, the petitioners moved to have the petition transferred back to the Second Circuit and that application was denied.

        The parties are largely in agreement that jurisdiction lies either in the district court or in the courts of appeals but not in both courts. On September 24, 2007, I issued a Memorandum and Order concluding that the district court had jurisdiction over plaintiff's claim because the amended complaint alleged that the EPA failed to adopt "standards" which were required by section 316(b) of the Clean Water Act ("CWA"). 33 U.S.C. § 1326(b). Section

Case 2:06-cv-12987-PKC   Document 56   Filed 11/26/2007   Page 2 of 3

- 2 -

505(a) of the CWA permits "any citizen" to commence an action on his own behalf in the district courts "against the Administrator [of the EPA] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2). On September 28, I certified the question for interlocutory review, pursuant to 28 U.S.C. § 1292(b). No defendant or intervenor made application for an interlocutory appeal.

On a separate track and in the context of the pending petitions in the Fifth Circuit, the parties have briefed the mirror image of the principal issue decided in the September 24 Memorandum and Order, i.e. whether the courts of appeals have exclusive jurisdiction to review the EPA's final action under section 509(b)(1)(E) of the CWA, 33 U.S.C. § 1369(b)(1)(E), and the APA. The petitions had been slated to be assigned to a merits panel as early as December 2007.

On October 10, 2007, the EPA moved this court for a stay of proceedings pending the issuance of a decision in the Fifth Circuit. Plaintiffs' counsel wrote to this Court on October 15 asking for an extension of time to file opposition papers because of counsel's "significant workload" which application was promptly granted. The breadth of the workload became more apparent on October 31, 2007, when plaintiffs-petitioners moved in the Fifth Circuit to stay proceedings on four petitions pending in that court. The application seeks a stay in the Fifth Circuit pending a ruling in the Second Circuit on the issue decided in my September 24 Memorandum and Order. Because there will be no question presented to the Second Circuit under section 1292(b) in the foreseeable future, the stay would run through the completion of all

merits-related proceedings in the district court and the disposition of an appeal from a final judgment by the aggrieved parties to the Second Circuit.[1]

It makes perfect sense to stay proceedings in this Court pending a ruling by the Fifth Circuit. The prejudice to plaintiffs is minimal because of the advanced state of proceedings in the Fifth Circuit. There is a public interest in a prompt adjudication but also in an orderly and efficient use of judicial resources. The jurisdictional issue decided in my September 24, 2007 Memorandum and Order is not free from doubt. A stay in this Court would enable the Fifth Circuit to consider this important question. Putting aside whether this Court would be bound by a ruling of the Fifth Circuit, there is much to be gained from knowing whether the Fifth Circuit considers itself to have exclusive jurisdiction over a review of the final agency action. If this Court were to charge ahead with all proceedings necessary to bring the case to final judgment and it were later determined that this Court lacked jurisdiction, it may have served to delay a final adjudication in the proper court and would have wasted resources of the parties and the Court.

Plaintiffs' motion to stay proceedings pending a decision of the Fifth Circuit on the petitions pending in <u>ConnocoPhillips, et al. v. EPA</u>, 06-60662 (L)(5th Cir.) is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 26, 2007

---

[1] Plaintiffs seize on the EPA's purported reservation of the right to seek a section 1292(b) certification at a later juncture and argue that the jurisdictional issue *could* be resolved by the Second Circuit before final judgment in the district court. The theoretical possibility is acknowledged.